Carbondale City School District, Appellant, *v.* Fidelity and Deposit Company of Maryland.

Argued April 25, 1941. Before Schaffer, C. J., Drew, Linn, Stern, Patterson and Parker, JJ.

*Milton J. Kolansky,* for appellant.

*Ralph W. Rymer,* with him *Ralph T. Lynch,* for appellee.

Opinion by Mr. Justice Drew, May 26, 1941:

This action in assumpsit was instituted on behalf of the School District of the City of Carbondale by the Taxpayers' Association of that City, with leave of court, to enforce a judgment entered in favor of the School District against James P. Kilpatrick, principal on a bond of defendant surety company. After numerous pleadings the controversy was referred to a referee, who recommended that judgment be entered in favor of defendant. Exceptions to his report having been dismissed, the learned court below directed that judgment

be entered in accordance with his recommendation and this appeal followed.

The pertinent facts are as follows: from July 1, 1927, to July 1, 1928, Kilpatrick was a member and treasurer of the Board of School Directors of the City of Carbondale. Defendant surety company bonded him to perform well and faithfully the duties incumbent upon him as treasurer. On November 3, 1928, Garfield G. Thomas, Controller of the City of Carbondale, and by virtue of his office auditor of the accounts of the School District, filed his audit of its accounts for the above mentioned period and on January 15, 1930, this report was amended by order of court. Both the audit and the amended audit were advertised according to law and in accordance to the rulings of the court in reference to the filing of audits. Irregularities having been found by the auditor, seven surcharges, totaling $131,400.82, were made against Kilpatrick. One of these surcharges[1] was made as a result of action by him taken in his capacity as treasurer, on the ground that he had disbursed $106,615.11 contrary to Article III, section 324 of the Act of May 18, 1911, P. L. 309, in that ". . . the said payments were not approved at any meeting of the School Board. . . ." Neither Kilpatrick nor defendant took an appeal from the audits and, rules obtained by the former to strike them off having been discharged, judgment was entered against Kilpatrick on July 28, 1930, for the total sum of the surcharges. On Septem-

---

[1] "On page 68 item 7 of the said audit appears the sum of One Hundred Six Thousand, Six Hundred fifteen Dollars and eleven cents . . . which said sum of $106,615.11, was paid on vouchers drawn by Ray Barbour, Secretary on James Kilpatrick, Treasurer, . . . the said payments were not approved at any meeting of the School Board of the School District of the City of Carbondale.

"I, therefore, surcharge James Kilpatrick, who as Treasurer disbursed $106,615.11, contrary to section 324 of the Pennsylvania School Code."

ber 9, 1931, the learned court below discharged a rule on petition of Kilpatrick to show cause why the judgment should not be opened and vacated. Thereafter, Kilpatrick having refused to pay the judgment, plaintiff sought to recover on his bond in the sum of $10,000, contending that he was surcharged in his capacity as treasurer for not having performed well and faithfully his duties in that office, as set forth above.

It is well established in this Commonwealth that a judgment against a principal upon the merits, as in the instant case, establishing official misconduct and the amount of damages, is conclusive against the surety in an action upon an official bond: *Commonwealth, to use, v. Turner,* 340 Pa. 468, 471. So here the referee and the learned court below were bound to accept the conclusion of the auditor that Kilpatrick violated Article III, section 324, of the Act of 1911, supra, and that he should be surcharged $106,615.11 as a result of his action. In this connection it is interesting to note that defendant introduced no evidence whatsoever, while plaintiff properly relied on the surcharge and the judgment. The fact that after judgment was entered against Kilpatrick, the Legislature passed an Act[2] validating, under certain circumstances, payments by officers of School Boards when such payments are not approved by the School Boards, and prohibiting surcharges based thereon, cannot alter defendant's liability on this bond. The surcharge in question had long since been validly made and judgment entered on it. Kilpatrick's liability was established and it is for his liability as treasurer that defendant must answer.

Judgment reversed, and here entered in favor of plaintiff in the sum of $10,000, with interest; costs to be paid by appellee.

---

[2] The Act of May 1, 1931, P. L. 76.