## Carbondale City School District *v.* Fidelity and Deposit Company of Maryland, Appellant.

Argued January 4, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

James K. Peck, with him Ralph W. Rymer and Ralph T. Lynch, for appellant.

Milton J. Kolansky, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 22, 1943:

As appears in the prior appeal between these parties the defendant surety company (Appellant) became liable to pay $10,000. to the plaintiff (Appellee). We directed judgment to be entered in favor of the Appellee "in the sum of $10,000 with interest". Our opinion is reported in 342 Pa. 322.

Appellant maintains in the present proceeding that such interest runs from the date when our opinion was filed. Appellee contends, and it was so decided by the Court below, that interest should be calculated from the date when demand was made upon the surety upon its bond, which was the date of suit. We agree with the Court below.

The appropriate definition of "interest" upon obligations reduced to judgment through litigation is stated in *Kelsey v. Murphy*, 30 Pa. 340, 341:

"Interest has been defined 'to be a compensation allowed to the creditor for delay of payment by the debtor,' and is said to be impliedly due 'whenever a liquidated sum of money is unjustly withheld': 10 Wheat. 440. And again,—but rather by way of amplification,—it is said 'to be a legal and uniform rate of damages allowed in the absence of any express contract, when payment is withheld after it has become the duty of the debtor to discharge his debt'." See also *Mack Paving & Construction Company v. American Pipe & Construction Company*, 283 Pa. 449; *In re Guardian Bank and Trust Company*, 330 Pa. 411, and *McDermott v. McDermott*, 130 Pa. Superior Ct. 127.

Under this definition, as prerequisites to running of interest, the debt must have been liquidated with some degree of certainty and the duty to pay it must have become fixed: *Lackawanna Iron & Steel Company v. Lackawanna & Wyoming Valley R. R.*, 299 Pa. 503; *Graboyes v. Kapner*, 120 Pa. Superior Ct. 4. The requirement that the claim be liquidated is not strictly applied in certain situations of obvious necessity, notably in actions for accounting for royalties and other profits: *McCormack v. Sharples*, 254 Pa. 541, and the cases therein cited. In cases sounding in tort or for unliquidated damages, interest does not run until the amount is fixed by the verdict: Act April 6, 1859, P. L. 381, Sec. 1, 12 P. S. 781: See *Kelsey v. Murphy* (supra).

Many such cases have been cited in Appellant's paper book but obviously they have no application to the present situation. Here the debt *was* liquidated by the audit. The judgment against the principal on the bond established his liability as well as that of his surety. Interest on official bonds runs from the date demand was made upon the surety, despite the fact that liability may be contested: *Pennsylvania Company for Insurances on Lives, etc. v. Swain*, 189 Pa. 626. See *Folz v. Tradesmen's Trust and Saving Fund Company*, 201 Pa. 583; *Commonwealth v. Caruso*, 37 Dauphin 1; *Herron v. Stevenson et al.*, 259 Pa. 354. As it does not appear that formal demand was presented prior to suit, the bringing of the suit itself is the demand: *Punxsutawney v. Mitchell*, 320 Pa. 168; *Ayoob v. William Penn Trust Company*, 132 Pa. Superior Ct. 496. To accept Appellant's contention, the words "with interest" in our order would have been without meaning because the Act of 1700, 1 Smith's Laws 7, Sec. 2 (12 P. S. Sec. 782) provides that judgments carry interest. The words "with interest" directed that interest be paid from the time of demand to the time of judgment, as the Court below properly held.

Order affirmed at cost of Appellant.