The **PENNSYLVANIA RAILROAD COM-PANY** Third-Party Plaintiff,

v.

**ERIE AVENUE WAREHOUSE CO.,** Third-Party Defendant.
Civ. A. No. 23930.

United States District Court
E. D. Pennsylvania.
June 21, 1962.

Raymond W. Midgett, Jr., Philadelphia, Pa., for third-party plaintiff.

Joseph J. Murphy, Philadelphia, Pa., for third-party defendant.

VAN DUSEN, District Judge.

The parties to this third-party action differ as to the meaning of the word "may" in the last sentence of the following paragraph of the opinion filed by the United States Court of Appeals for the Third Circuit in this case on May 2, 1962:

> "Only brief mention need be made of a minor point. Erie has objected to the award of interest on the railroad's claim. The objection is not well taken. The limited contribution required in this opinion is a normal contractual recovery upon which interest may be awarded from the time that Erie was advised that the railroad had settled a liability which it had agreed to share."

At the request of the trial judge, counsel submitted, on May 28, 1962, the attached, proposed orders. Defendant's [1] proposed order provides for interest "commencing from the entry of the aforesaid judgment" and plaintiff's proposed order provides for interest "from August 6, 1958." Counsel were given an opportunity to present briefs and argument in support of their views. Counsel for

defendant, whose view was followed by the Court of Appeals for the Third Circuit in modifying the Opinion of this court, ordered a copy of the transcript of the argument, which was delivered to him on June 13, 1962. Since no further word has been received from either counsel, this Memorandum and Judgment is being filed.

Plaintiff paid $75,000 in settlement of the principal action on August 6, 1958, at which time this court approved such settlement. At a pre-trial conference (incident to the trial of this third-party action) held December 15, 1959, defendant stipulated that "the amount paid in settlement * * * to wit, $75,000., was fair and reasonable" (N.T. 42 of Document No. 65a). See Pre-Trial Order (Document No. 54) and Report of Pre-Trial Conference (Document No. 51). In view of this stipulation using the past tense of the verb, namely "was," defendant agreed that the $75,000 was the fair and reasonable settlement amount in the past, namely, when it was paid and approved by the court on August 6, 1958, and not at the time of the pre-trial conference of December 15, 1959, or any later date.

Strong policy reasons favor the payment of interest to a party who has advanced money in order to settle the principal action on a fair and reasonable basis. Under these circumstances involving a "contractual recovery," the amount became liquidated on August 6, 1958, and bears interest from that date. See Carbondale City School District v. Fidelity & Deposit Co. of Maryland, 346 Pa. 491, 493, 31 A.2d 279 (1943); United States v. American Employers Insurance Co., 141 F.Supp. 281, 291 (E.D.Pa.1956); and authorities referred to at paragraph 6, page 23, of opinion of November 30, 1960 (Document No. 76). The cases cited in defendant's brief (Document No. 89), stating that interest is not recoverable on a claim sounding in tort until

---

[1]. The terms "defendant" and "plaintiff" are used to designate third-party defendant and third-party plaintiff for brevity, just as these terms were used in the opinions

of this court filed November 30, 1960 (Document No. 76) and April 11, 1961 (Document No. 83).

after judgment, are not applicable to these facts but only to a situation where a sum between a plaintiff and a tort-feasor is unliquidated.[2]

The transcript of the argument held May 31, 1962, shows that the parties agreed to the computation of costs as shown in the following judgment (pp. 4–5 of Document No. 87).

## JUDGMENT

And Now, June 21, 1962, in accordance with the Mandate of the United States Court of Appeals for the Third Circuit, it is ordered that the judgment heretofore entered in this action on November 30, 1960, in favor of third-party plaintiff and against third-party defendant, is hereby vacated and set aside, and it is

Further ordered that judgment be and is now hereby entered in favor of third-party plaintiff, Pennsylvania Railroad Company, and against third-party defendant, Erie Avenue Warehouse Co., in the sum of Thirty-seven Thousand Five Hundred and 00/100 ($37,500.00) Dollars, same being one-half of the amount of the settlement between plaintiff, Alma M. Day, Administratrix of the Estate of Edward S. Day, deceased, and defendant, the Pennsylvania Railroad Company, together with interest at the rate of six per cent. (6%) per annum from August 6, 1958 (the date of payment of said settlement sum) to the date of this judgment, in the amount of Eight Thousand Seven Hundred Eighteen and 75/100 ($8,718.75) Dollars, or in the total amount of Forty-six Thousand Two Hundred Eighteen and 75/100 ($46,-218.75) Dollars, less net costs of Three Thousand Fifty-seven and 10/100 ($3,-057.10) Dollars (being $3,542.00 costs taxed in favor of third-party defendant in the United States Court of Appeals for the Third Circuit, pursuant to order of May 22, 1962, minus $484.90 costs taxed in favor of third-party plaintiff in this court as shown in Document No. 78).

---

2. Plaintiff's brief has been docketed as Document No. 88.