**Commonwealth to use v. Buckeye Union Ins. Co.**

Before Brominski, P.J., and Aston, J.

*J. Earl Langan*, for plaintiff.

*Arthur Silverblatt*, for defendant.

ASTON, J., August 10, 1971.—This case comes before the court pursuant to defendant's preliminary objections in the nature of a demurrer to allegations

in plaintiff's complaint that defendant is liable under its bond for certain sums of money.

The case arose when the Tax Collector of the Borough of Hughestown, for whom defendant had issued a surety bond guaranteeing faithful performance for four years commencing January 1, 1966, failed to account for certain funds collected by him and failed to account for or deliver certain funds to the treasurer of the borough.

It is plaintiff's contention that the surety is liable for interest upon sums unaccounted for *from the date when such accounting was required by statute* and also liable for a penalty of five percent upon all such unaccounted for funds. Defendant, on the other hand, has demurred to said contention, claiming to be liable for interest only from the *date of demand* for payment made upon it and denying any liability for penalties.

It would seem that defendant's position regarding payment of interest from date of demand is well taken. Until such time as defendant was notified of certain amounts claimed, there was no liquidation of the amount due and no amount certain upon which interest could run. As a prerequisite for the running of interest, a debt must have been liquidated with some degree of certainty and the duty to pay it must have become fixed: Lackawanna Iron & Steel Company v. Lackawanna & Wyoming Valley R. R., 299 Pa. 503. This concept applies as well to official bonds and interest thereon runs from the date of demand: Carbondale S.D. v. F. & D. Co. of Md., 346 Pa. 491; Punxsutawney v. Mitchell, 320 Pa. 168. Furthermore, it would seem, as a matter of policy, that to permit interest to run from the year of each undiscovered shortage would place a premium upon laxity on the part of borough officials, and for this reason as well the date of demand should fix the surety's liability.

.

The question as to whether the surety is liable for any penalties is governed solely by the interpretation of the relationship between surety and principal. The bond itself provides that the surety undertook to guarantee that the principal would "well, truly and faithfully perform all official duties required by law of such official during the term aforesaid, the principal and surety hereby agreeing that if said bond is required by any statute, all the provisions of such statute are hereby made a part of this bond . . ."

Section 10 of the Local Tax Collection Law of 1945 May 25, P.L. 1050, 72 PS §5511.10 provides, inter alia, that "All taxpayers, who shall fail to make payment of any such taxes charged against them for four months after the date of the tax notice, shall be charged a penalty of five percentum, which penalty shall be added to the taxes by the tax collector and be collected by him." Under this provision, there can be little doubt that the collector to "well, truly and faithfully" perform must collect penalties when due.

The problem arises, however, from the fact that plaintiff has failed to distinguish between sums due *from taxpayers* and amounts due *from the collector.* If plaintiff is able to show, on the one hand, that penalties were due from taxpayers and the collector failed to collect and/or to pay over said sums to the treasurer, then the surety would clearly be liable for said penalties under the language of its contractual obligation. If, however, it is not shown that the obligation to pay a penalty existed upon the part of taxpayers, then the obligation to collect the same did not fall upon the collector. In the latter case, no loss in revenue to the municipality or obligation on the part of the surety would accrue. This is so, since timely payment of the tax to the proper authority would terminate the taxpayer's liability: Laird v. Hiester, 24 Pa. 452; Philadelphia's Appeal, 117 Pa. Superior Ct. 132.

Whether the liability for penalties ever fell upon the taxpayer, with resulting culpability upon the collector's part and obligation upon the surety, is a matter of proof at trial. Accordingly, defendant's demurrer regarding penalties cannot be sustained.

## ORDER

It is hereby ordered that the defendant's demurrer to plaintiff's complaint as to interest on the amount due from the tax collector prior to the date of demand on the surety is sustained but said demurrer is dismissed as to penalties paid or payable by taxpayers when their taxes were collected.