STRAUSSER ENTERPRISES,
INC., Appellee

v.

SEGAL AND MOREL, INC., Segal and Morel at Forks Township II, LLC, Segal and Morel at Forks Township III, LLC, Segal and Morel at Forks Township IV, LLC, and Kenneth Segal, Appellants.

Superior Court of Pennsylvania.

Argued Jan. 15, 2014.

Filed April 1, 2014.

**2.** For example, it appears Appellant's DUI charges in Harrisburg were diverted to a veteran's program.

BEFORE: FORD ELLIOTT, P.J.E., OTT and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:

Segal and Morel, Inc., Segal and Morel at Forks Township II, LLC, Segal and Morel at Forks Township III, LLC, Segal and Morel at Forks Township IV, LLC, and Kenneth Segal (collectively Appellants) appeal the April 22, 2013 judgment entered in favor of Strausser Enterprises, Inc. (Strausser). We vacate the judgment and the April 19, 2013 order, which, *inter alia*, granted Strausser's "Petition to Confirm Arbitration Award Made September 26, 2012." Furthermore, we remand the matter to the trial court with instructions.

The pertinent background underlying this matter can be summarized as follows. "The parties to this action ... were at one time engaged in a number of agreements relative to the development of real estate in Northampton County." Order, 12/13/2012, at 1. The parties agree that the contract which governs their relationship requires them to submit their disputes to common law arbitration.[1]

On May 6, 2010, Strausser filed a "Petition to Compel the Appointment of an Arbitrator to Serve as if Appointed by [Appellants]." On May 28, 2010, the trial court ordered Thomas Wallitsch to serve as an arbitrator as if Appellants appointed him. Appellants sought reconsideration of the May 28, 2010 order. On November 9, 2010, the trial court issued an order in response to Appellants' petition for reconsideration, directing Appellants to name an

Joseph A. Del Sole, Pittsburgh and James T. Smith, Philadelphia, for appellants.

Patrick C. Campbell, Jr., Lima, John M. Elliott, Philadelphia and Dean R. Phillips, Blue Bell, for appellee.

---

* Retired Senior Judge assigned to the Superior Court.

1. Common law arbitration is governed by Subchapter B of Chapter 73 of the Judicial Code, 42 Pa.C.S. §§ 7341–7342. Subsection 7342(a) makes certain provisions relevant to statutory arbitration applicable to common law arbitration. Pursuant to 42 Pa.C.S. § 7342(a), the following provisions also are applicable to common law arbitration: 42 Pa.C.S. §§ 7303, 7304, 7305, 7317, 7318, 7319, and 7320 (except for subsection (a)(4) of 7320).

arbitrator to hear Strausser's breach of contract claims.[2]

Thereafter, Strausser filed an arbitration complaint. Strausser included in this complaint a request for counsel fees that Strausser incurred in litigating its petition to compel arbitration. Appellants' Petition to Vacate Majority [Decision] and Opinion, and to Preclude Entry of Judgment Pending Resolution of Petition, 11/9/2012, Exhibit M, at ¶¶ 42–50. Appellants refer to the arbitration panel that considered this complaint as "the Redding Panel." It also is important to note that, prior to the arbitration proceedings in front of the Redding Panel, the parties litigated several issues in front of a different arbitration panel. Appellants refer to this initial panel of arbitrators as "the Walters Panel."

The Redding Panel conducted hearings in late February and early March of 2012. In a document dated September 26, 2012, two of the three arbitrators ruled in favor of Strausser (Majority Decision). In addition to awarding Strausser monetary damages, the Majority Decision stated, *inter alia*, that it included "[a]n order [*sic*] for a subsequent hearing to determine the amount of [Strausser's] counsel fee award[.]" *Id.*, Exhibit T, at ¶ 6. The Majority Decision also noted, "In the event that the panel determines that it needs [Appellants'] profit/lot to determine damages, the parties have agreed to present that evidence at a later phase of this proceeding. . . ." *Id.* at n. 1.

The Majority Decision was accompanied by an opinion in support thereof (Majority Opinion). Regarding Strausser's claim for counsel fees, the Majority Opinion stated that Strausser prevailed with respect to its petition to compel and the litigation in front of the Redding Panel. *Id.*, Exhibit

U, at 31–32. The Majority Opinion, therefore, concluded that, pursuant to the parties' agreement, Strausser is entitled to reimbursement of its counsel fees. The Majority Opinion asserted, "We will hold a subsequent hearing to determine the amount of the counsel fee award." *Id.* at 32.

The lone dissenting arbitrator, Joel M. Sheer, did not sign the Majority Decision. Instead, he authored a dissenting opinion dated October 10, 2012 (Dissenting Opinion).

On October 26, 2012, Appellants filed a "Motion to Stay and Setting of Date for Filing of Petition to Vacate Arbitration Award." In this motion, Appellants acknowledged that they had thirty days from the date the arbitrators' award became final in order to file a petition to vacate the award and, thus, challenge the award. Appellants averred that they received copies of the Majority Decision, the Majority Opinion, and the Dissenting Opinion on October 24, 2012. Appellants argued that the earliest deadline to file a petition to vacate was November 9, 2012, which was thirty days from the date Mr. Sheer signed the Dissenting Opinion.

On November 5, 2012, Strausser filed a petition to confirm the arbitration award. The following day, the trial court denied Appellants' "Motion to Stay and Setting of Date for Filing of Petition to Vacate Arbitration Award." On November 9, 2012, Appellants filed a "Petition to Vacate Majority [Decision] and Opinion, and to Preclude Entry of Judgment Pending Resolution of Petition." On November 15, 2012, Appellants sought reconsideration of the November 6, 2012 order denying their "Motion to Stay and Setting of Date for

---

**2.** Appellants attempted to appeal this order; however, in a *per curiam* order, this Court quashed the appeal as interlocutory. *Straus-* *ser Enterprises, Inc. v. Segal and Morel at Fork Township VII, et al.,* 3323 EDA 2010.

Filing of Petition to Vacate Arbitration Award."

Appellants subsequently filed a response to Strausser's petition to confirm the arbitration award. Therein, Appellants averred, *inter alia,* that the trial court could not confirm the Majority Decision because it does not constitute a final award for purposes of common law arbitration. In this regard, Appellants highlighted that the Majority Decision did not dispose of Strausser's claim for counsel fees and that the Majority Decision noted that the parties had agreed to present evidence regarding damages at a later proceeding.

On November 21, 2012, Strausser filed a motion to strike Appellants' allegedly untimely-filed petition to vacate the arbitration award. On December 3, 2012, Appellants filed a "Motion to Certify the November 6, 2012 Interlocutory Order for Appeal and to Stay Further Proceedings Pending Petition for Permission to Appeal Interlocutory Order." On December 4, 2012, the trial court entered an order granting this motion and amending its November 6, 2012 order to comply with 42 Pa.C.S. § 702(b).[3] In a *per curiam* order dated February 8, 2013, this Court denied Appellants' petition for permission to appeal. In the meantime, on December 13, 2012, the trial court denied Appellants' motion for reconsideration of its November 6, 2012 order.

On April 19, 2013, the trial court entered an order. In that order, the court first granted Strausser's motion of November 21, 2012 to strike Appellants' petition to vacate and, thus, struck the petition. Next, the court granted Strausser's petition to confirm the arbitration award. As to its action in this regard, the court concluded, *inter alia,* that, because Strausser's claim for counsel fees is ancillary "to the issues in the case," Order, 4/19/2013, at 11, the unresolved nature of the claim does not impact the finality of the arbitrators' decision. Lastly, the court directed the prothonotary to enter a judgment in conformity with this order.

On April 22, 2013, Strausser filed a "Praecipe to Enter Judgment in Conformity with the Court's April 19, 2013 Order." That same day, judgment was entered in favor of Strausser in the amount of $15,699,721.00. Appellants timely filed a notice of appeal. The trial court directed Appellants to comply with Pa.R.A.P. 1925(b). Appellants timely filed a Pa. R.A.P. 1925(b) statement, and the trial court subsequently issued an opinion.

## I.

█ Under their first issue, Appellants ask this Court to reverse the trial court's November 9, 2010 order. Appellants' Brief at 27. As we noted above, on May 6, 2010, Strausser filed a "Petition to Compel the Appointment of an Arbitrator to Serve as if Appointed by [Appellants]." On May 28, 2010, the trial court ordered Thomas Wallitsch to serve as an arbitrator as if Appellants appointed him. Appellants sought reconsideration of the May 28, 2010 order. On November 9, 2010, the trial court issued the order that Appellants now wish to challenge. That order directed

3. Subsection 702(b) provides,

When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

42 Pa.C.S. § 702(b).

Appellants to name an arbitrator to hear Strausser's breach of contract claims. Stated succinctly, Appellants are attempting to challenge the trial court's decision to compel them to arbitrate Strausser's claims.

The thrust of Appellants argument in support of this issue is that "the [t]rial [c]ourt ... erred by granting [Strausser's] Petition to Compel and permitting [Strausser] to arbitrate claims that should have been raised before the Walters Panel, but that it elected not to present [to the Walters Panel]." *Id.* at 27. Appellants contend that the doctrine of *res judicata* precluded Strausser from litigating its new claims in front of the Redding Panel and that the trial court, therefore, should not have compelled Appellants to arbitrate these claims. To the extent that this issue and these arguments are preserved and properly before this Court,[4] they warrant no relief.

 "When presented with a petition to compel arbitration the [trial] court is to determine whether an agreement to arbitrate the controversy exists. If a valid arbitration agreement exists between the parties and [the] claim is within the scope of the agreement, the controversy must be submitted to arbitration." *Santiago v. State Farm Ins. Co.,* 453 Pa.Super. 343, 683 A.2d 1216, 1217 (1996) (citation and quotation marks omitted). In completing these tasks, a trial court may not examine the merits of the claims to be arbitrated. 42 Pa.C.S. § 7304(e); *cf. Andrew v. CUNA Brokerage Services, Inc.,* 976 A.2d 496, 502 (Pa.Super.2009) ("Once it has been determined that the substantive dispute is arbitrable, all matters necessary to dispose of the claim are normally arbitrable as well.

Such ancillary matters include procedural questions which grow out of the substantive dispute and bear on its final disposition. Where the underlying dispute is arbitrable, the applicability of a statute of limitations is also.") (citation omitted). Instead, the arbitrators are the final judges of both law and fact. *See Gwin Engineers, Inc. v. Cricket Club Estates Development Group,* 382 Pa.Super. 533, 555 A.2d 1328, 1329 (1989) ("In arbitration governed by common-law principles, the arbitrators are the final judges of both law and fact. . . .").

Appellants' argument regarding the applicability of *res judicata* to Strausser's claims has no impact on whether the parties have a valid agreement to arbitrate or on whether Strausser's claims fall within the scope of that agreement. Consequently, this argument cannot be a basis for finding that the trial court erred by compelling Appellants to arbitrate Strausser's claims. Instead, Appellants should have offered their *res judicata* argument to the Redding Panel, as their argument clearly presented an issue of law relevant to the success or failure of Strausser's claims. For these reasons, Appellants' first issue fails.

## II.

Under their next issue, Appellants contend that the trial court erred by confirming the arbitration award. In fact, Appellants maintain that, for purposes of common law arbitration, no arbitration award currently exists. Citing to our Supreme Court's decision in *Fastuca v. L.W. Molnar & Associates,* 608 Pa. 187, 10 A.3d 1230 (2011), Appellants argue that, in order for a common law arbitra-

---

4. Strausser argues that Appellants waived this issue by raising it for the first time in a petition for reconsideration. Appellants claim that, for various reasons, a petition for reconsideration represented the first opportunity they had to challenge Strausser's petition to compel arbitration.

tion panel's decision to be considered an "award," the panel must dispose of all matters submitted to it by the parties. Because the Redding Panel did not dispose of Strausser's claim for counsel fees and contemplated future proceedings on damages, Appellants take the position that the panel's decision does not constitute an "award" and that the trial court, therefore, lacked the authority to confirm the arbitrators' decision.[5]

The trial court opined and Strausser argues that the arbitrators' decision does constitute an "award." According to the trial court and Strausser, because the counsel fee claim is ancillary to the resolution of Strausser's substantive issues, the pending nature of the claim is not an impediment to finding that the arbitrators' decision is a final award capable of being confirmed. The trial court also stated, "Finally, and perhaps of greatest consequence, the award of counsel fees in the instant case clearly cannot be ascertained until the case is complete, thereby necessitating that the award be confirmed and the proceedings closed prior thereto." Order, 4/19/2013, at 11.

The court further opined,

Similarly, we reject [Appellants'] contention that the footnote contained in the [Majority Decision], referencing the presentation of [Appellants'] profit/lot to determine damages is a barrier to finality. Notably, the [Majority Decision] awards damages in very specific amounts, leaving no room for recalcula-

tion. Additionally, more than six (6) months have elapsed since the date of the [Majority Decision] and neither party has presented any evidence that any further proceedings have been held or are anticipated. Thus, in the absence of any conditions on the amounts set forth in the award, coupled with the speculative nature of the [ ] footnote, the [c]ourt finds that the footnote is not a barrier to the finality of the award. The panel has awarded specific damages, and in the ensuing six (6) months, there has been no effort by either party or by the panel to amend those amounts. Whatever the purpose of footnote 1, therein, the panel did not specifically reserve jurisdiction over the damage awards set forth in the [Majority Decision].

*Id.* at 12.

■ Whether the arbitrators' decision constitutes an award for purposes of common law arbitration presents a question of law. "Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as [the appellate] court may review the entire record in making its decision." *Stamerro v. Stamerro*, 889 A.2d 1251, 1257–58 (Pa.Super.2005) (citation and quotation marks omitted). To the extent that we must engage in statutory interpretation in order to resolve this issue, we note the principles that follow.

[A]s in all matters requiring statutory interpretation, we are guided by the pro-

---

5. Strausser states that, in Appellants' "Motion to Stay and Setting of Date for Filing of Petition to Vacate Arbitration Award," Appellants maintained that the Redding Panel's decision was a final award. Strausser argues that Appellants, therefore, are judicially estopped to claim that the Redding Panel's decision is not a final award. Strausser's Brief at 30. We disagree.

In their "Motion to Stay and Setting of Date for Filing of Petition to Vacate Arbitration Award," Appellants sought to stay the proceedings and a ruling from the trial court which would set the date for challenging the Redding Panel's purported award. While Appellants' motion may have implied that they believed a final award had been entered, Appellants were not attempting to litigate or establish any such belief.

visions of the Statutory Construction Act, 1 Pa.C.S.[ ] § 1501 *et seq.*

> Under the Statutory Construction Act, the object of all statutory construction is to ascertain and effectuate the General Assembly's intention. When the words of a statute are clear and free from all ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit.

*U.S. Bank. Nat. Ass'n v. Parker,* 962 A.2d 1210, 1212 (Pa.Super.2008) (citations and quotation marks omitted).

Pursuant to 42 Pa.C.S. § 7341(b), "On application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common law arbitration) the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order...." In order to determine whether the trial court in this matter had the authority to enter an order confirming the Redding Panel's decision and to enter judgment in conformity with that order, we must consider whether the Redding Panel's decision constitutes an "award" as that word is utilized in the context of common law arbitration.

Our Supreme Court had the opportunity to address the definition of "award" in the common law arbitration context in *Fastuca, supra.* Therein, the Court observed, "Neither [42 Pa.C.S. §] 7341, nor any other section of the Uniform Arbitration Act, explicitly defines a common law arbitration award[.]" *Fastuca,* 10 A.3d at 1240. The Court proceeded to examine its previous opinions and secondary sources. The Court then announced its ruling as follows.

> Thus, in accord with our prior precedent, and the common and accepted meaning of the term award as it is generally used in the context of arbitration proceedings, we hold that, for an arbi-

trator's decision to constitute an award within the meaning of Section 7341, it must be a ruling by the arbitrator which **finally resolves all disputed matters submitted to him or her by the parties and must, therefore, include the arbitrator's decision on all outstanding legal issues, and all necessary factual determinations.**

*Id.* at 1241; *see also id.* ("Further, in *Great American Ins. Co. v. American Arb. Assoc.,* 436 Pa. 370, 260 A.2d 769 (1970)[,] our Court established that the *sine qua non* of an award is its finality in disposing of all the matters submitted by the parties to the arbitrator for his or her decision.").

Here, the Redding Panel concluded that Strausser is entitled to counsel fees in connection with Strausser's successful litigation of its petition to compel and its arbitration claims. The Redding Panel, however, has yet to determine the amount of fees to which Strausser is entitled and clearly has indicated that an additional hearing is needed in order to reach this determination. In order to set the amount of fees due to Strausser, the Redding Panel certainly will have to make factual determinations and possibly will have to rule on legal issues. Moreover, because the Redding Panel only concluded that Strausser is entitled to counsel fees in connection with Strausser's successful litigation of its petition to compel and its arbitration claims, we reject the trial court's assertion that "the award of counsel fees in the instant case clearly cannot be ascertained until the case is complete, thereby necessitating that the award be confirmed and the proceedings closed prior thereto." Trial Court Order, 4/19/2013, at 11.

Strausser's claim for counsel fees is unresolved. Thus, pursuant to *Fastuca,* the Redding Panel's decision does not constitute a common law arbitration award. Our conclusion in this regard is bolstered

by the footnote in the Majority Opinion. It is unclear exactly what the Redding Panel was contemplating when it noted, "In the event that the panel determines that it needs [Appellants'] profit/lot to determine damages, the parties have agreed to present that evidence at a later phase of this proceeding...." Appellants' Petition to Vacate Majority [Decision] and Opinion, and to Preclude Entry of Judgment Pending Resolution of Petition, 11/9/2012, Exhibit T, at n. 1. However, a reasonable interpretation of this footnote indicates that the Redding Panel must decide whether it needs Appellants' "profit/lot to determine damages" and whether "a later phase" of arbitration is necessary.

We must also address whether, as the trial court and Strausser assert, Strausser's claim for counsel fees is ancillary and, therefore, not an impediment to concluding that the Redding Panel's decision constitutes an award.

The trial court and Strausser cite several Pennsylvania cases in support of the proposition that ancillary claims for counsel fees do not render an otherwise final order interlocutory.[6] However, none of these cases addresses claims for counsel fees that were submitted to common law arbitration in an arbitration complaint. *See Samuel–Bassett v. Kia Motors America, Inc.,* 613 Pa. 371, 34 A.3d 1, 47–49 (2011) (discussing the ancillary nature of a motion for attorney's fees that was filed after a jury returned a verdict in a civil trial); *Miller Elec. Co. v. DeWeese,* 589 Pa. 167, 907 A.2d 1051 (2006) (holding that a motion for attorney's fees filed pursuant to 42 Pa.C.S. § 2503(3) in a garnishment action is a matter that is connected, but ancillary, to the underlying action); and *Olympus Corp. v. Canady,* 962 A.2d 671, 676 (Pa.Super.2008) (describing the English rule and procedure regarding the award of attorney's fees). Given the Supreme Court's clear definition of a common law arbitration award in *Fastuca,* we are unpersuaded by the cases cited by the trial court and Strausser that a common law arbitration panel's decision constitutes an award despite the existence of an unresolved claim for counsel fees. Judicial economy is ill-served by a procedure that would allow an appeal from an arbitration on the merits and then an additional appeal on counsel fees later. *See Calabrese v. Collier Twp. Mun. Auth.,* 432 Pa. 360, 248 A.2d 236, 238 (1968) (O'Brien, J., Dis-

---

6. Strausser also points out that the Colorado Court of Appeals interpreted "award" as that word is utilized in the context of common law arbitration and, in doing so, concluded as follows: "We are persuaded by the foregoing that an 'award' is subject to confirmation or challenge under the 1975 Act if it entirely disposes of the case on the merits: an outstanding issue of attorney fees and costs under a fee- and cost-shifting provision does not affect the character of the decision on the merits as an 'award.'" *American Numismatic Ass'n v. Cipoletti,* 254 P.3d 1169, 1173 (Colo. App.2011). According to Strausser, "[b]oth Colorado and Pennsylvania subscribe to the Uniform Arbitration Act in various degrees." Strausser's Brief at 36 n15. Strausser further asserts, "[f]or purposes of whether a petition to confirm an award is premature, the Colorado statute is identical to the Pennsylvania statute." *Id.* Citing to 1 Pa.C.S. § 1927, Strausser implies that this Court should adopt the Colorado Court of Appeal's definition of "award."

Section 1927 of the Statutory Construction Act indicates that "[s]tatutes uniform with those of other states shall be interpreted and construed to effect their general purpose to make uniform the laws of those states which enact them." 1 Pa.C.S. § 1927. However, the Colorado court's interpretation of "award" conflicts with our Supreme Court's interpretation of "award," and we are in no position to alter or create an exception to our Supreme Court's interpretation. *See Peter Daniels Realty, Inc. v. Northern Equity Investors, Group, Inc.,* 829 A.2d 721, 723 (Pa.Super.2003) ("[W]e are bound by holdings of the Pennsylvania Supreme Court.").

senting) ("It is more important to prevent the chaos inherent in bifurcated, trifurcated, and multifurcated appeals than it is to correct each mistake of a trial court the moment it occurs."); *Hession Condemnation Case*, 430 Pa. 273, 242 A.2d 432, 437 (1968) (O'Brien, J., Dissenting) ("The bifurcated appeal foisted upon the courts can only be termed a judicial Hydra. Would that a Hercules could appear ... to slay this monster.").

We conclude that no common law arbitration award exists in this case. Thus, the trial court lacked the authority to enter an order confirming the Redding Panel's decision and to enter judgment in conformity with that order.

### III.

■ Under their last issue, Appellants argue that if this Court determines that the Redding Panel's decision constitutes an award, then the Court should determine that the trial court erred by striking their petition to vacate the award, thus depriving them of their opportunity to challenge the award. Given our conclusion that no award exists in this case, this issue is moot.[7]

For the reasons stated above, we vacate the judgment entered on April 22, 2013 and the order entered on April 19, 2013. We remand the matter to the trial court. On remand, the trial court shall remand the matter to the Redding Panel in order to allow the panel to complete its work.

Judgment vacated. April 19, 2013 order vacated. Case remanded with instructions. Jurisdiction relinquished.

---

7. Pursuant to 42 Pa.C.S. § 7342(b), "[o]n application of a party made more than **30 days after an award is made by an arbitrator** under section 7341 (relating to common law arbitration) the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order." (emphasis added). "This Court has consistently interpreted [sub]section 7342(b) to require that any challenge to the arbitration award be made in an appeal to the Court of Common Pleas, by filing a petition to vacate or modify the arbitration award within 30 days of the date of the award. A party must raise alleged errors in the arbitration process in a timely petition to vacate or modify the arbitration award or the claims are forever waived." *U.S. Claims, Inc. v. Dougherty*, 914 A.2d 874, 877 (Pa.Super.2006) (citations omitted).

Appellants' final question presents an important issue of first impression, namely: When is an award "made" for purposes of triggering the thirty day time period for seeking to vacate or modify a common law arbitration award? The trial court concluded that an arbitration award was "made" in this case on the date the majority of the Redding Panel signed the Majority Decision. Appellants argue, *inter alia*, that "logic dictates that an award could not be 'made' until notice is provided to the parties." Appellants' Brief at 43. We also are in receipt of an *amici curiae* brief from The Pennsylvania Bar Association, The Pennsylvania Association for Justice, The Pennsylvania Defense Institute, and The Philadelphia Association of Defense Counsel. These parties agree with Appellants' position on this issue. We find significant the unanimity of these august attorney bodies. Agreement between the Pennsylvania Association for Justice and the Pennsylvania Defense Institute is less likely than agreement between the Hatfields and McCoys or the Montagues and Capulets.

Given the importance of this question, we suggest that the General Assembly clarify what "made" means in this context and that the Civil Procedural Rules Committee consider adopting rules addressing this issue.