J-A29017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STRAUSSER ENTERPRISES, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SEGAL AND MOREL, INC., SEGAL AND MOREL AT FORKS TOWNSHIP II INC., AND SEGAL AND MOREL AT FORKS TOWNSHIP III LLC, | |
| Appellees | No. 1556 EDA 2017 |

Appeal from the Order Entered April 19, 2017
in the Court of Common Pleas of Northampton County
Civil Division at No.: C-48-CV-2010-04518

BEFORE:  LAZARUS, J., PLATT, J.,[*] and STRASSBURGER, J.[*]

MEMORANDUM BY PLATT, J.:               **FILED FEBRUARY 12, 2018**

Appellant, Strausser Enterprises, Inc., appeals from the trial court's order denying its motion seeking to increase the amount of interest due to it, following the entry of judgment in its favor, against Appellees, Segal and Morel, Inc., *et al*.  We affirm.

A prior panel of this Court set forth the tortuous background of this case as follows:

> . . . The parties to this action . . . were at one time engaged in a number of agreements relative to the development of real

---

[*] Retired Senior Judge assigned to the Superior Court.

estate in Northampton County.[1]  The parties agree that the contract which governs their relationship requires them to submit their disputes to common law arbitration.

On May 6, 2010, [Appellant] filed a "Petition to Compel the Appointment of an Arbitrator to Serve as if Appointed by [Appellees]."  On May 28, 2010, the trial court ordered Thomas Wallitsch to serve as an arbitrator as if [Appellees] appointed him. [Appellees] sought reconsideration of the May 28, 2010 order.  On November 9, 2010, the trial court issued an order in response to [Appellees'] petition for reconsideration, directing [Appellees] to name an arbitrator to hear [Appellant's] breach of contract claims.

Thereafter, [Appellant] filed an arbitration complaint. [Appellant] included in this complaint a request for counsel fees that [it] incurred in litigating its petition to compel arbitration. [Appellees] refer[] to the arbitration panel that considered this complaint as "the Redding Panel."  It also is important to note that, prior to the arbitration proceedings in front of the Redding Panel, the parties litigated several issues in front of a different

_____

[1] . . . [Appellant] is an owner and developer of certain real estate located in Forks Township, Pennsylvania known a[s] The Riverview Estates and The Riverview Country Club ("Riverview"). [Appellee] Segal and Morel, Inc. [] is a builder and developer. . . .

Riverview has been subdivided into a number of different parcels to be developed, in phases, into various types of residential homes such as single family dwelling, townhouses and condominiums, as well as a golf course and country club. [Appellant] entered into a series of agreements with [Appellees] to sell off some phases of the project, while retaining certain other phases. . . .

Under the Agreements of [S]ale, [Appellant] was to perform all of the site work (meaning all of the work that is on or under the ground including sanitary sewer, storm sewer, water lines, utilities, curbs and topsoil). [Appellees were] to do all of the above-ground, or "vertical" construction.

The claims before the arbitration panel arose from the parties' agreements of sale.

arbitration panel. [Appellees] refer[] to this initial panel of arbitrators as "the Walters Panel."

The Redding Panel conducted hearings in late February and early March of 2012. In a document dated September 26, 2012, two of the three arbitrators ruled in favor of [Appellant] (Majority Decision).[2] In addition to awarding [Appellant] monetary damages, the Majority Decision stated, *inter alia*, that it included "[a]n order [sic] for a subsequent hearing to determine the

---

[2] Specifically, the Redding Panel ordered:

1. An award to [Appellant] in the amount of $9,515,341.00, plus interest, against all of the [Appellees] jointly and severally on the Phase II damage claim relating to the Buyback;

2. An award to [Appellant] in the amount of $9,909,974.00, plus interest, against all of the [Appellees] jointly and severally on the Phase III damage claim relating to the Buyback;

3. An award to [Appellant] in the amount of $79,145.00, plus interest, against all of the [Appellees] jointly and severally on the Soil and Erosion claim;

4. An award to [Appellant] in the amount of $150,000.00, plus interest, against all of the [Appellees] jointly and severally on the Supervision claim;

5. An award to [Appellant] in the amount of $45,261.00, plus interest, on the Bike Path claim;

6. An order for a subsequent hearing to determine the amount of [Appellant's] counsel fee award.

7. An award to [Appellant] against all of the [Appellees] compelling them to convey all lots still in their possession in Phase II to [Appellant] for $50,000.00/lot; and

8. An award to [Appellant] against all of the [Appellees] compelling them to convey all lots still in their possession in Phase III to [Appellant] for $74,000.00/lot.

(Redding Panel Decision, 9/26/12, at unnumbered pages 1-2) (footnote omitted).

amount of [Appellant's] counsel fee award[.]" The Majority Decision also noted, "In the event that the panel determines that it needs [Appellees'] profit/lot to determine damages, the parties have agreed to present that evidence at a later phase of this proceeding. . . ."

The Majority Decision was accompanied by an opinion in support thereof (Majority Opinion). Regarding [Appellant's] claim for counsel fees, the Majority Opinion stated that [Appellant] prevailed with respect to its petition to compel and the litigation in front of the Redding Panel. The Majority Opinion, therefore, concluded that, pursuant to the parties' agreement, [Appellant] is entitled to reimbursement of its counsel fees. The Majority Opinion asserted, "We will hold a subsequent hearing to determine the amount of the counsel fee award."

The lone dissenting arbitrator, Joel M. S[c]heer, did not sign the Majority Decision. Instead, he authored a dissenting opinion dated October 10, 2012 (Dissenting Opinion).

On October 26, 2012, [Appellees] filed a "Motion to Stay and Setting of Date for Filing of Petition to Vacate Arbitration Award." In this motion, [Appellees] acknowledged that they had thirty days from the date the arbitrators' award became final in order to file a petition to vacate the award and, thus, challenge the award. [Appellees] averred that they received copies of the Majority Decision, the Majority Opinion, and the Dissenting Opinion on October 24, 2012. [Appellees] argued that the earliest deadline to file a petition to vacate was November 9, 2012, which was thirty days from the date Mr. S[c]heer signed the Dissenting Opinion.

On November 5, 2012, [Appellant] filed a petition to confirm the arbitration award. The following day, the trial court denied [Appellees'] "Motion to Stay and Setting of Date for Filing of Petition to Vacate Arbitration Award." [ ] [Appellees] [then] filed a "Petition to Vacate Majority [Decision] and Opinion, and to Preclude Entry of Judgment Pending Resolution of Petition." . . .

[Appellees also] filed a response to [Appellant's] petition to confirm the arbitration award. Therein, [Appellees] averred, *inter alia*, that the trial court could not confirm the Majority Decision because it does not constitute a final award for purposes of common law arbitration. In this regard, [Appellees] highlighted that the Majority Decision did not dispose of [Appellant's] claim for counsel fees and that the Majority Decision noted that the

parties had agreed to present evidence regarding damages at a later proceeding.

On November 21, 2012, [Appellant] filed a motion to strike [Appellees'] allegedly untimely-filed petition to vacate the arbitration award. [Thereafter, [Appellees] filed a motion requesting the trial court certify its order for appeal. The court granted [Appellees'] motion. However, in February of 2013, this Court denied [Appellees'] petition for permission to appeal.]

On April 19, 2013, the trial court entered an order [which] granted [Appellant's] motion [ ] to strike [Appellees'] petition to vacate and, thus, struck the petition. Next, the court granted [Appellant's] petition to confirm the arbitration award. As to its action in this regard, the court concluded, *inter alia*, that, because [Appellant's] claim for counsel fees is ancillary "to the issues in the case," . . . the unresolved nature of the claim does not impact the finality of the arbitrators' decision. Lastly, the court directed the prothonotary to enter a judgment in conformity with this order.

On April 22, 2013, [Appellant] filed a "Praecipe to Enter Judgment in Conformity with the Court's April 19, 2013 Order." That same day, judgment was entered in favor of [Appellant] in the amount of $15,699,721.00. [Appellees] timely filed a notice of appeal.

***Strausser Enterprises, Inc. v. Segal & Morel, Inc.***, 89 A.3d 292, 293-295 (Pa. Super. 2014) (internal citations and footnotes omitted).

On appeal, a panel of this Court concluded "the trial court lacked the authority to enter an order confirming the Redding Panel's decision and to enter judgment in conformity with that order." ***Id.*** at 300. Specifically, the panel determined "[Appellant's] claim for counsel fees [was] unresolved." ***Id.*** at 298. The panel opined:

[T]he Redding Panel concluded that [Appellant] is entitled to counsel fees in connection with [its] successful litigation of its petition to compel and its arbitration claims. The Redding Panel, however, has yet to determine the amount of fees to which [Appellant] is entitled and clearly has indicated that an additional hearing is needed in order to reach this determination. In order to set the amount of fees due

- 5 -

to [Appellant], the Redding Panel certainly will have to make factual determinations and possibly will have to rule on legal issues. Moreover, because the Redding Panel only concluded that [Appellant] is entitled to counsel fees in connection with [its] successful litigation of its petition to compel and its arbitration claims, we reject the trial court's assertion that "the award of counsel fees in the instant case clearly cannot be ascertained until the case is complete, thereby necessitating that the award be confirmed and the proceedings closed prior thereto."

*Id.* Accordingly, the panel vacated both the order confirming the arbitration award and the judgment entered upon the award, and remanded the matter to the trial court. *Id.* at 300. The panel explicitly directed: "On remand, the trial court shall remand to the Redding Panel in order to allow the panel to complete its work." *Id.*

Upon remand, Judge Craig Dalley, who had presided over the matter since 2012, disqualified himself *sua sponte*, and the case was reassigned to President Judge Stephen Baratta. On May 23, 2014, the trial court entered an order stating, "this matter is hereby REMANDED to the arbitration panel comprised of Edward Redding, Esquire, Walter Weir[,] Jr., Esquire and Joel Scheer, Esquire for disposition of [Appellant's] outstanding claim for attorneys' fees." Order, 5/23/2014. [Appellees] then sought clarification of the court's May 23rd order, and requested the court appoint new arbitrators. On June 12, 2014, the trial court entered the following order, clarifying its May 23rd order:

> This matter is hereby REMANDED to the arbitration panel comprised of Edward Redding, Esquire, Walter Weir[,] Jr., Esquire and Joel Scheer, Esquire ("the Redding Panel") "in order to allow the panel to complete its work," consistent with the limited directives contained in the Superior Court of Pennsylvania's Order of April 1, 2014.

Order, 6/12/2014.

However, before the matter was remanded to the Redding Panel, [Appellant] wrote to the panel and withdrew its outstanding claim for attorneys' fees. [Appellees] responded to [Appellant's] letter by requesting a conference, and stating its position that there were other outstanding issues for the panel to resolve.

- 6 -

However, the Redding Panel did not respond to [Appellees'] request, and on August 4, 2014, the Majority issued a supplemental opinion, concluding that, after [Appellant] withdrew its claim for counsel fees, "all matters submitted by the parties have been decided . . . these proceeding are concluded and [its] earlier Award in the amount of $15,699,721 stands as the Final Award of this Panel." Supplemental Opinion, August 4, 2014, at 5. Arbitrator Scheer issued a supplemental dissenting opinion advocating that "this entire matter should have been remanded to the Walters Panel[.]" Dissent to Supplemental Opinion, 8/8/2014, at 3.

On September 2, 2014, [Appellees] filed a petition to vacate the arbitration award, followed by an amended petition on November 3, 2014. The trial court conducted a hearing on November 7, 2014, and, on December 8, 2014, entered an order denying all of [Appellees'] outstanding motions. Thereafter, on December 30, 2014, [Appellant] filed a petition to reinstate confirmation of and enter judgment on the arbitration award. On January 7, 2015, [Appellees] filed an appeal from the trial court's December 8, 2014, order.

On January 20, 2015, [Appellees] filed a petition in opposition to [Appellant's] request that the trial court confirm the supplemental majority arbitration award. However, on February 6, 2015, the trial court entered an order, reaffirming that its December 8, 2014, order "was intended to be a final Order making this matter [ripe] for review by the Superior Court. The intent of our Order was that Judge Dally's original confirmation was not disturb[ed] under the Rule of Coordinate Jurisdiction." Order, 2/6/2015. [Appellees] filed a timely appeal of that order.

Thereafter, on March 20, 2015, [Appellant] filed a *praecipe* for the entry of judgment on the arbitration award. Judgment was entered on the docket, and a third notice of appeal followed.

(*Strausser Enterprises, Inc. v. Segal & Morel*, *Inc.*, 2016 WL 4905677, at *1–5 (Pa. Super. filed July 6, 2016) (unpublished memorandum) (some quotation marks and most footnotes and record citations omitted), *appeal denied*, 169 A.3d 1020 (Pa. 2016)).

On July 6, 2016, this Court affirmed the judgment in favor of Appellant. Our Supreme Court denied Appellees' petition for allowance of appeal on December 21, 2016. On December 30, 2016, Appellees paid Appellant $12,641,822.72, which represented net damages in the amount of $11,053,721.00, plus $1,588,101.70 in post-judgment interest, calculated as of the August 4, 2014 supplemental opinion issued by the Redding Panel.[3]

Appellant accepted the payment with the condition that the parties submit the dispute regarding the pre-judgment and post-judgment interest to the trial court. On January 20, 2017, Appellant filed motions seeking an award of pre-judgment interest and additional post-judgment interest. On April 19, 2017, the trial court entered its order and opinion denying the motions, following argument. This timely appeal followed.[4]

Appellant raises the following issues for our review:

1. Did the trial court err by failing to calculate the amount of prejudgment interest owed on an arbitration award based on undisputed facts of record, where the arbitration award provides that the prevailing party is entitled to damages and an unqualified amount of interest, and the prevailing party has a legal right to prejudgment interest under applicable law?

---

[3] The total award of $15,699,721.00 was reduced by $4,646,000.00, the amount that Appellant owed Appellees under the lot buyback provisions in the Redding Panel's decision. (**See** Trial Court Opinion, 4/19/17, at 5, 10; **see also** *3 n.2, **supra** (Redding Panel Decision, at ¶¶ 7-8)).

[4] The trial court did not order Appellant to file a concise statement of errors complained of on appeal. It entered a Rule 1925(a) statement on May 10, 2017, in which it relied on its April 19, 2017 order and opinion for the reasons for its decision. **See** Pa.R.A.P. 1925.

2. Where an arbitration award provides for damages and that the prevailing party may exercise an option for the purchase of real estate, should a court calculate postjudgment interest based on the amount of damages, or the net amount of damages less the strike price to exercise the purchase option?

3. Does postjudgment interest begin to accrue under 42 Pa.C.S.[A.] § 8101 on the date that an arbitration award is first entered or the date on which the award is later reaffirmed in all respects and without change by the arbitrators after remand?

(Appellant's Brief, at 2).

We begin by noting the limited standard of review applicable in common law arbitration proceedings:

The award of an arbitrator in a nonjudicial arbitration which is not subject to statutory arbitration or to a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award. The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either. A trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law.

The appellant bears the burden to establish both the underlying irregularity and the resulting inequity by clear, precise, and indubitable evidence.

Much of this standard of review is codified:

**§ 7341. Common law arbitration**

The award of an arbitrator in a nonjudicial arbitration which is not subject to Subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused

the rendition of an unjust, inequitable or unconscionable award.

42 Pa.C.S. § 7341.

***Toll Naval Associates v. Chun-Fang Hsu***, 85 A.3d 521, 525 (Pa. Super. 2014) (case citations and quotation marks omitted).

In its first issue, Appellant argues that the trial court erred in failing to award pre-judgment interest, in accordance with the arbitration award and Pennsylvania law. (**See** Appellant's Brief, at 9-18). It contends that the court disregarded the Redding Panel's express award of interest on every category of damages. (**See id.** at 10). This issue does not merit relief.

"As a general rule . . . a successful litigant is entitled to interest beginning only on the date of the verdict." ***Dasher v. Dasher***, 542 A.2d 164, 164 (Pa. Super. 1988) (citations omitted); ***see also*** 42 Pa.C.S.A. § 8101 (setting forth general rule that interest accrues from date of verdict or award). Pre-judgment interest may be awarded under certain limited circumstances:

> With regard to prejudgment interest, we have explained, "[i]nterest has been defined 'to be a compensation allowed to the creditor for delay of payment by the debtor,' and is said to be impliedly due 'whenever a liquidated sum of money is unjustly withheld.' " ***School Dist. of City of Carbondale v. Fidelity & Deposit Co. of Maryland***, 346 Pa. 491, 492, 31 A.2d 279, 280 (1943) (citations omitted). However, "as prerequisites to running of prejudgment interest, the debt must have been liquidated with some degree of certainty and the duty to pay it must have become fixed." ***Id.*** at 493, 31 A.2d at 280; Restatement (Second) of Contracts § 354(1) ("If the breach consists of a failure to pay a definite sum of money or to render a performance with fixed or ascertainable monetary value, interest is recoverable.").
>
> In other words,

prejudgment interest is a matter of right where the amount is ascertainable from the contract. Where the amount due and owing is not sufficiently definite, prejudgment interest is awardable at the discretion of the trial court.

Our review of an award of pre-judgment interest is for abuse of discretion.

***Century Indem. Co. v. OneBeacon Ins. Co.***, 173 A.3d 784, 810 (Pa. Super.

2017) (some citations and quotation marks omitted).

Here, the trial court determined:

The original award as set forth above, provided five (5) separate damage calculations with a notation "plus interest" after the monetary award.[5] We went through the award attempting to see whether or not prejudgment interest was contemplated by the arbitrators. Unfortunately, the arbitrators did not provide explicit calculations or explicit dates for when damages accrued (or were perfected) which would provide the trigger for calculating prejudgment interest. Thus, any award of prejudgment interest would require speculation on our part and as such, it is impossible to accurately and fairly calculate.

(Trial Ct. Op., at 6-7).

Upon review, we agree. There is no indication in the materials issued by the Redding Panel that it contemplated an award of pre-judgment interest. Its award includes only a generic notation "plus interest," without any further clarification. (Redding Panel Order, 9/26/12, at unnumbered page 1). The panel did not make any findings regarding the relevant dates on which payments were unjustly withheld by Appellees, or provide any mechanism for calculating pre-judgment interest. (***See id.*** at unnumbered pages 1-2;

---

[5] (***See*** \*3 n.2, ***supra***, at ¶¶ 1-5).

Redding Panel Opinion, 9/26/12, at 1-33; Redding Panel Supplemental Opinion, 8/04/14, at 1-5). We discern no abuse of discretion in the trial court's decision declining to award pre-judgment interest. **See Century Indem. Co.**, **supra**, at 810. Appellant's first issue merits no relief.

In its second issue, Appellant argues that it is entitled to post-judgment interest on the full, face amount of the damages awarded by the Redding Panel—$15,699,721—rather than on the net amount, which deducted its cost of purchasing the remaining Phase II and III lots. (**See** Appellant's Brief, at 18-20; **see also** *3 n.2, **supra** (¶¶ 7-8 of Redding Panel decision compelling Appellees to convey lots to Appellant for set price per lot)). Appellant maintains that the trial court misapplied 42 Pa.C.S.A. § 8101 by calculating interest based only on the net damages, where the arbitration award did not require it to purchase the remaining lots. (**See** Appellant's Brief, at 18-20). We disagree.

Preliminarily, we note that because questions involving statutory interpretation are questions of law, our standard of review of review is *de novo*, and our scope of review is plenary. **See Fastuca v. L.W. Molnar & Assoc.**, 10 A.3d 1230, 1239 (Pa. 2011). The Judicial Code governs the imposition of interest on judgments as follows:

> Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

42 Pa.C.S.A. § 8101.

"[P]ost[-]judgment interest serves two important functions—it compensates the judgment creditor for the loss of use of the money until the judgment is paid and it acts as an incentive for the judgment debtor to pay the judgment promptly." **Lockley v. CSX Transp. Inc.**, 66 A.3d 322, 327 (Pa. Super. 2013), *appeal denied*, 74 A.3d 127 (Pa. 2013) (citation omitted).

Here, the trial court found Appellant's claim that it was entitled to post-judgment interest on the entire face of the arbitration award, without accounting for the buyback provisions, "unfair and illogical." (Trial Ct. Op., at 10). It explained:

> The face of the arbitration award indicated that on September 26, 2012, the Arbitrators believed that [Appellant] incurred damages as a result of [Appellees'] breach of various agreements in the total amount of $15,699,721.00. In addition, the Arbitrators also found that on September 26, 2012, [Appellant] owed [Appellees] the sum of $4,646,000.00 under the buyback provisions. Both directives required the competing parties to make payments to the other and as a result, interest should be calculated in favor of both of the parties for the monies owed. We also note that the legal effect of the award encumbered [Appellees] such that they could do nothing with the lots other than hold them until [Appellant] paid the buyback.

(**Id.**).

We agree, and further observe that Appellant's assertion that its purchase of the remaining lots was not required and merely optional is disingenuous, where the Redding Panel's decision **compelled** Appellees to sell the remaining lots to Appellant, and Appellant has purchased them. (**See** *3 n.2, **supra** (¶¶ 7-8 of Redding Panel decision); **see also** Appellant's Brief, at 19-20; Appellees' Brief, at 24-25). Additionally, as the trial court notes,

Appellees were enjoined from taking any action with respect to those lots while their appeal was pending, to protect Appellant's right to them. (**See** Order, 1/21/15, at unnumbered page 1, ¶ 2) (prohibiting Appellees from engaging in any sales or marketing activity with regard to lots and from transferring, selling, assigning or conveying any interest in them). In light of the foregoing, we conclude that the trial court properly calculated post-judgment interest based on Appellant's net award. Appellant's second issue does not merit relief.

In its final issue, Appellant argues that post-judgment interest began to accrue under 42 Pa.C.S.A. § 8101 on the date the Redding Panel issued its original award, on September 26, 2012, instead of on the date the panel entered its supplemental opinion, on August 4, 2014, following remand from this Court. (**See** Appellant's Brief, at 2, 20-22). We disagree.

As previously discussed:

> Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate **from the date of the verdict or award**, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

42 Pa.C.S.A. § 8101 (emphasis added).

"The statute clearly indicates that interest begins to accrue on the date of the [arbitration] award[.]" **Perel v. Liberty Mut. Ins. Co.**, 839 A.2d 426, 428 (Pa. Super. 2003). In addressing what constitutes an award, our Supreme Court has held:

> . . . [A]n arbitrator's decision must resolve all disputed matters presented to him or her in order for that decision to constitute an award. Thus, in accord with our prior precedent, and the common

and accepted meaning of the term award as it is generally used in the context of arbitration proceedings, we hold that, for an arbitrator's decision to constitute an award within the meaning of Section 7341 [relating to common law arbitration], it must be a ruling by the arbitrator **which finally resolves all disputed matters submitted to him or her by the parties and must, therefore, include the arbitrator's decision on all outstanding legal issues, and all necessary factual determinations**.

***Fastuca***, ***supra*** at 1240–41 (citations omitted) (emphasis added).

Here, a prior panel of this Court, in a decision filed on April 1, 2014, expressly determined that, "pursuant to ***Fastuca***, the Redding Panel's [September 26, 2012] decision **does not constitute a common law arbitration award**," because Appellant's claim for counsel fees remained unresolved. (***Strausser***, 89 A.3d at 298) (emphasis added). The panel further "conclude[d] that **no common law arbitration award exists** in this case[,]" and "the trial court lacked the authority to enter an order confirming the Redding Panel's decision and to enter judgment in conformity with that order." (***Id.*** at 300) (emphasis added). It then **vacated** the judgment and remanded to allow "the [Redding] panel to complete its work." (***Id.***).

Upon remand, by letter to the Redding Panel dated June 9, 2014, Appellant withdrew its outstanding claim for attorney fees. In its supplemental opinion issued on August 4, 2014, the Redding Panel stated that "[a]s of June 9, 2014, all matters submitted by the parties have been decided[.] . . . The Panel has decided all outstanding legal issues, and made all necessary factual determinations." (Supplemental Opinion, 8/04/14, at 5 (footnote omitted); ***see also id.*** at 3). On appeal following entry of judgment in March 2015, this

- 15 -

Court stated "the arbitration award entered following the remand by this Court was a final award[.]" (**Strausser**, 2016 WL 4905677, at *9).

Based on the foregoing, we agree with the trial court that Appellant was not entitled to additional post-judgment interest calculated from the date of September 26, 2012. A review of the record reflects that the Redding Panel entered a final arbitration award resolving all disputed matters and outstanding legal issues on August 4, 2014. Therefore, post-judgment interest was calculated properly from that date. **See Fastuca**, **supra** at 1240–41; 42 Pa.C.S.A. § 8101. Appellant's final issue merits no relief. Accordingly, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/18