J-S79028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HENRY GLEN ROBINSON | |
| Appellant | No. 927 EDA 2014 |

Appeal from the PCRA Order March 12, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001101-1981
CP-39-CR-0001102-1981

BEFORE:  ALLEN, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                   **FILED JANUARY 21, 2015**

Appellant, Henry Glen Robinson, appeals *pro se* from the order entered on March 12, 2014 dismissing his fourth petition for relief filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court has previously outlined the factual background and procedural history of this case as follows:

> Appellant was arrested on May 30, 1981, for his involvement in the armed robbery and murder of Perry Minich.  On February 26, 1982, Appellant pled guilty to criminal homicide[1] and *nolo contendere* to robbery.[2]  Appellant was sentenced to life imprisonment on September 15, 1983.  On direct appeal, this Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.  ***Commonwealth v. Robinson***, 488 A.2d

---

[1] 18 Pa.C.S.A. § 2501(a).

[2] 18 Pa.C.S.A. §[ 3701(a)(1)].

* Retired Senior Judge assigned to the Superior Court.

1167 (Pa. Super. 1984) (unpublished memorandum), *appeal denied*, 107 E.D. Alloc. Dkt. 85 (Pa. 1985).

On May 8, 1997, Appellant filed his first PCRA petition, and subsequently in 2010, Appellant filed his second PCRA petition. Appellant was not afforded relief on either petition. ***See Commonwealth v. Robinson***, 2433 PHL 1997 (Pa. Super. 19[9]8) [(unpublished memorandum)], and ***Commonwealth v. Robinson***, 31 A.3d 742 (Pa. Super. 2011) [(unpublished memorandum)], *appeal denied*, 34 A.3d 829 (Pa. 2011).

Appellant filed [his third PCRA petition] on July 23, 2012. In said petition, Appellant asserted a newly recognized Constitutional right pursuant to ***Miller v. Alabama***, 132 S. Ct. 2455 (2012).

***Commonwealth v. Robinson***, 93 A.3d 503 (Pa. Super. 2013) (unpublished memorandum) (certain footnotes omitted), at 1-2. Appellant was ultimately denied relief with respect to his third PCRA petition. ***See generally id.***

Appellant filed a petition for writ of *habeas corpus* on January 16, 2014. In his petition, Appellant alleged that his sentence was illegal. The PCRA court treated Appellant's *habeas corpus* petition as a PCRA petition and issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907. On February 20, 2014, the PCRA court dismissed Appellant's petition as time-barred. This timely appeal followed.[3]

Appellant presents three issues for our review:

---

[3] On March 27, 2014, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). On April 14, 2014, Appellant filed his concise statement. On April 15, 2014, the PCRA court issued a statement in lieu of a Rule 1925(a) opinion. Appellant's first and second issues were included in his concise statement while his third issue addresses the sufficiency of the PCRA court's Rule 1925(a) opinion.

1. Did the [PCRA] court err as a matter of constitutional law by construing [Appellant]'s common law *habeas corpus* petition as an untimely, serial PCRA petition based upon an unconstitutional statute, 42 Pa.C.S.[A.] § 9542, that was enacted in violation of the prohibitory language contained in Article I, § 14 and Article I, § 25 of the Pennsylvania Constitution?

2. Did the [PCRA] court err as a matter of constitutional law by dismissing [Appellant]'s common law *habeas corpus* petition by applying 42 Pa.C.S.[A.] § 9545(b) in an unconstitutional manner, thereby depriving him of his inherent right to seek *habeas corpus* relief pursuant to Article I, § 14 of the Pennsylvania Constitution which cannot be suspended, limited[,] or altered except as the Constitution adopted by the people provides?

3. Did the [PCRA] court err as a matter of law when it failed to include and substantively address the constitutional claims raised by [Appellant] in his Rule 1925(b) statement in its Rule 1925(a) opinion?

Appellant's Brief at 4-5.

On appeal, Appellant concedes that his petition is patently untimely and that his petition does not satisfy any of the statutory exceptions to the PCRA's timeliness requirement. Courts lack jurisdiction over untimely PCRA petitions that do not satisfy a timeliness exception. *See Commonwealth v. Callahan*, 101 A.3d 118, 121–122 (Pa. Super. 2014) (citations omitted). Appellant argues, however, that the PCRA is unconstitutional in two respects. First, he contends that the PCRA's subsuming of the common law writ of *habeas corpus* violates Article I, §§ 14 and 25 of the Pennsylvania Constitution. Second, he contends that the PCRA's timeliness requirement is unconstitutional because it denies him the ability to seek post-conviction

relief. "As the constitutionality of a statute presents a pure question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Lawrence***, 99 A.3d 116, 118 (Pa. Super. 2014) (citation omitted).

Our Supreme Court rejected the same claims advanced by Appellant relating to the constitutionality of the PCRA. In ***Commonwealth v. Peterkin***, 722 A.2d 638, 641 (Pa. 1998), our Supreme Court held that the PCRA did not violate the Pennsylvania Constitution's prohibition against the suspension of the writ of *habeas corpus*. Furthermore, our Supreme Court held that the PCRA's one year time-bar was a reasonable restriction on the right to seek *habeas corpus* relief. ***Id.*** at 642. Appellant argues throughout his brief that ***Peterkin*** was incorrectly decided. It is axiomatic, however, that this Court is bound by our Supreme Court's decisions. ***See Strausser Enters., Inc. v. Segal & Morel, Inc.***, 89 A.3d 292, 300 (Pa. Super. 2014) (citation omitted). Accordingly, we conclude that Appellant's two challenges to the constitutionality of the PCRA are without merit.

The PCRA court correctly treated Appellant's petition as seeking relief under the PCRA. ***See Commonwealth v. Eller***, 807 A.2d 838, 842–843 (Pa. 2002) (All claims cognizable under the PCRA, such as Appellant's, must be brought under the PCRA and not through *habeas corpus* proceedings.). As Appellant's petition was patently untimely, and he failed to satisfy any of the statutory exceptions to the PCRA's timeliness requirement, the PCRA

- 4 -

court properly dismissed the petition without addressing the merits of the constitutional issues raised by Appellant.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2015