J-S02026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HAROLD BURTON, | |
| Appellant | No. 469 EDA 2014 |

Appeal from the PCRA Order of January 24, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005138-2010

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HAROLD BURTON, | |
| Appellant | No. 470 EDA 2014 |

Appeal from the PCRA Order of January 24, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008177-2010

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HAROLD BURTON, | |
| Appellant | No. 471 EDA 2014 |

Appeal from the PCRA Order of January 24, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008178-2010

J-S02026-15

COMMONWEALTH OF PENNSYLVANIA,　　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　　PENNSYLVANIA
　　　　　　　Appellee

　　　　　　　v.

HAROLD BURTON,

　　　　　　　Appellant　　　　　　　No. 472 EDA 2014


Appeal from the PCRA Order of January 24, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000204-2011


COMMONWEALTH OF PENNSYLVANIA,　　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　　PENNSYLVANIA
　　　　　　　Appellee

　　　　　　　v.

HAROLD BURTON,

　　　　　　　Appellant　　　　　　　No. 473 EDA 2014


Appeal from the PCRA Order of January 24, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000205-2011

BEFORE:　MUNDY, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:　　　　　**FILED FEBRUARY 10, 2015**

　　　Appellant, Harold Burton, appeals from the order entered on January 24, 2014 denying his petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.　We affirm.

　　　The relevant factual background of this case is as follows. During October 2009, August 2010 (on two separate occasions), and September 2010 (on two separate occasions), Appellant possessed cocaine with the

- 2 -

intent to deliver. The relevant procedural history of this case is as follows. On August 20, 2010, Appellant was charged via criminal information at CP-46-CR-0005138-2010 with, *inter alia*, possession with intent to deliver ("PWID").[1] On December 30, 2010, Appellant was charged via criminal informations at CP-46-CR-0008177-2010 and CP-46-CR-0008178-2010 with, *inter alia*, PWID. On February 8, 2011, Appellant was charged via criminal informations at CP-46-CR-0000204-2011 and CP-46-CR-0000205-2011 with, *inter alia*, PWID.

On March 19, 2012, Appellant proceeded to a bench trial on all five informations. On the second day of trial, March 20, 2012, Appellant agreed to plead guilty to all five PWID charges. In return, the Commonwealth agreed to recommend concurrent sentences of four to eight years' imprisonment. Furthermore, the Commonwealth agreed to make Appellant eligible for recidivism risk reduction incentive ("RRRI"). He was immediately sentenced in accordance with the plea agreement.

On July 31, 2012, Appellant filed a *pro se* PCRA petition. Counsel was appointed and, on March 15, 2013, an amended PCRA petition was filed. An evidentiary hearing was held on September 11, 2013. On January 24, 2014, the PCRA court denied Appellant's PCRA petition. Appellant filed timely

---

[1] 35 P.S. § 780-113(a)(30).

notices of appeal at each docket number.[2]  This Court *sua sponte* consolidated all five appeals.

Appellant presents one issue for our review:

> Was Appellant's trial counsel ineffective for advising the Appellant at his guilty plea hearing that the maximum sentence he could receive for each count of possession with intent to deliver was 20 years where the bills of information did not indicate that the charge was a second or subsequent offense?

Appellant's Brief at 3 (complete capitalization removed).

"Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's findings of fact, and whether the PCRA court's determination is free of legal error." ***Commonwealth v. Wantz***, 84 A.3d 324, 331 (Pa. Super. 2014) (citation omitted).  "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

Appellant's lone claim on appeal is that his trial counsel rendered ineffective assistance.  Our Supreme Court has explained:

> [T]o prove counsel ineffective, [a PCRA] petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that

---

[2] On February 28, 2014, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b).  On March 18, 2014, Appellant filed his concise statement.  On June 13, 2014, the PCRA court issued its Rule 1925(a) opinion.  Appellant's lone issue on appeal was included in his concise statement.

the result of the proceeding would have been different absent such error. Counsel is presumed to have rendered effective assistance.

A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first. Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim.

*Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014) (citations omitted).

Furthermore,

[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [A]ppellant to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

*Commonwealth v. Fears*, 86 A.3d 795, 806–807 (Pa. 2014) (citation omitted).

Appellant argues that his trial counsel was ineffective for advising him that the maximum penalty for each of the five PWID charges was 20 years' imprisonment. Appellant argues that this was ineffective assistance because, according to Appellant, the actual maximum was ten years' imprisonment. The Commonwealth argues, and the PCRA court found, that Appellant's underlying claim is meritless because the maximum penalty was 20 years' imprisonment.

An individual convicted of PWID is generally subject to a term of imprisonment not to exceed ten years. **See** 35 P.S. § 780-113(f)(1.1). For second and subsequent PWID convictions, however, the maximum term of imprisonment is 20 years. **See id.**; 35 P.S. § 780-115(a). At the PCRA hearing, Appellant stipulated to the fact that, prior to any of the five incidents in question, he had been convicted of PWID. He argues, however, that the recidivist provision of section 780-115 did not apply to him because the Commonwealth failed to plead in the criminal informations that he had previously been convicted of PWID.

Appellant concedes that in **Commonwealth v. Aponte**, 855 A.2d 800, 812 (Pa. 2004), our Supreme Court stated that it is not necessary for the Commonwealth to plead in the criminal information that an individual has a prior PWID conviction in order for the section 780-115 recidivism enhancement to apply. **See also Commonwealth v. Gordon**, 942 A.2d 174, 183 (Pa. 2007) (quoting **Aponte** with approval). Appellant argues, however, that our Supreme Court's statement in **Aponte** was *dicta* and, therefore, is not binding on this Court.

Our Supreme Court's statement in **Aponte** was not *dicta*. **Aponte** was a direct appeal and it is well-settled that an appellate court may raise illegal sentence claims *sua sponte*. **Commonwealth v. Orie Melvin**, 103 A.3d 1, 52 (Pa. Super. 2014) (citations omitted). In **Aponte**, our Supreme Court *sua sponte* considered whether the fact of a prior conviction for PWID

must be pled in the criminal information. It held that the fact of the prior conviction need not be pled in the criminal information. Accordingly, our Supreme Court's pronouncement in **Aponte** was not *dicta*. Appellant also argues that **Aponte** was incorrectly decided; however, this Court is "bound by holdings of the Pennsylvania Supreme Court." ***Strausser Enters., Inc. v. Segal & Morel, Inc.***, 89 A.3d 292, 300 (Pa. Super. 2014) (citation omitted).

As Appellant was subject to a maximum sentence of 20 years' imprisonment for each PWID conviction, his trial counsel's advice was legally correct. Therefore, Appellant is unable to prove the first prong of ineffectiveness and he is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015