Calabrese *v.* Collier Township Municipal
Authority et al., Appellants.

Argued October 9, 1968. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*John A. Robb* and *Louis D. Cooper,* with them *Royston, Robb, Leonard, Edgecombe, Miller & Shorall,* for appellants.

*James A. Ashton,* for appellees.

OPINION BY MR. JUSTICE JONES, November 27, 1968:

On April 16, 1968, in *Calabrese v. Collier Township Municipal Authority,* 430 Pa. 289, 240 A. 2d 544 (1968), we held that, under the Municipality Authorities Act of 1945, P. L. 382, as amended, §4B(h), 53 P.S. §306, *exclusive* jurisdiction to determine questions involving the reasonableness of rates charged by a municipal Authority was vested in the court of common pleas in the common law sense and not in a court of common pleas in the chancery sense. In *Calabrese* we reversed a decree of the Court of Common Pleas sitting in equity on the ground that it lacked jurisdiction to determine the reasonableness of sewer rates charged by Collier Township Municipal Authority.

On May 16, 1968, the Court of Common Pleas of Allegheny County, being of the opinion that "the matter is not terminated and that the mandate of the Supreme Court is that this case be tried at law before a jury," transferred the action from the equity to the law side of the court for a trial by jury. From that order this appeal was taken.

When, on the former appeal, we reversed the equity decree we *terminated* the proceeding without prejudice, of course, to the plaintiffs in the equity action to seek relief in the court of common pleas, in which tribunal the legislature has seen fit to vest the exclusive jurisdiction to determine the reasonableness of the rates

charged for services rendered by the Authority. In concluding that our mandate did not terminate the equity action, the Court below was in error. Such error was compounded by transferring the action to the law side of the court and construing our mandate as requiring that the "case be tried at law before a jury." A reading of our opinion in *Calabrese* reveals no suggestion whatsoever that we contemplated that the determination of the reasonableness of the rates charged by the Authority be made *by a jury* in the court of common pleas.

Our previous mandate terminated completely the equity action therein involved. Whether the plaintiffs in that now extinguished equity action in the future will seek a determination of the reasonableness of the rates charged by the municipal Authority in the appropriate tribunal is for them to decide; in the event such remedy is invoked, no right to trial by jury exists.

Order reversed.

Mr. Justice MUSMANNO did not participate in the decision of this case.

————

DISSENTING OPINION BY MR. JUSTICE O'BRIEN:

The majority puts the cart before the horse. It determines that the court below has misinterpreted the mandate of this Court in the earlier case, and therefore holds that the instant action is appealable. Logically, the threshold question must be whether the action is appealable. Only if it is decided that the action is appealable can it be considered whether the court below erred in interpreting our mandate.

A long line of decisions of this Court has made it perfectly clear that an order certifying an equity case to the law side of the court is interlocutory in nature and not appealable. *Ridge Radio Corp. v. Glosser*, 417

Pa. 450, 208 A. 2d 839 (1965); *McFarland v. Weiland Packing Co., Inc.*, 416 Pa. 277, 206 A. 2d 18 (1965); *Nachod v. Nachod*, 402 Pa. 60, 166 A. 2d 18 (1960); *White v. Young*, 402 Pa. 61, 166 A. 2d 663 (1960); *Korona v. Bensalem Twp.*, 385 Pa. 283, 122 A. 2d 688 (1956). As pointed out above, it is logically fallacious to make an exception for the case where such an order is predicated on an allegedly incorrect interpretation of an order of this Court.

Moreover, as a matter of practicality, it is both unnecessary and unwise. The majority asserts that such a procedure is required in order that our mandate can be enforced. Assuming that the majority is correct in its view that the court below has misinterpreted our mandate, the court's error can be corrected after a final judgment has been entered. Our mandate constituted law to be applied by the court below to this case. As such, it was no different than any of the myriad other rules of law, both procedural and substantive, which have to be applied. Again assuming that the court below errs in applying one of these other rules of law—an evidentiary rule, for instance—the mandate of this Court and others which have interpreted and promulgated the law of this Commonwealth will have been thwarted temporarily. However, the proper functioning of our judicial system requires that appeals lie only from final judgments, orders, or decrees, except in certain limited situations. It is more important to prevent the chaos inherent in bifurcated, trifurcated, and multifurcated appeals than it is to correct each mistake of a trial court the moment it occurs. The usual reasons for quashing interlocutory appeals thus apply with undiminished force to the instant case. I would quash.

Mr. Justice ROBERTS joins in this dissent.