## Pierce Junior College v. Easttown Township Municipal Authority

*Thomas A. Riley, Jr.*, for plaintiff.

*William H. Lamb*, for defendant.

MARRONE, J., April 25, 1973.—Defendants, Easttown Township Municipal Authority and Valley Forge Sewer Authority, have filed preliminary objections to a complaint in equity filed by plaintiff, a property owner in Easttown Township, Chester County, Pa.

Plaintiff alleges in the complaint that defendants are preparing a plan for providing public sewage facilities to certain sections of Easttown Township including the general area of plaintiff's property. Plaintiff's complaint sets forth its plans for expansion of a proposed junior college on its land which would, according to the complaint, increase its need for sewer services. It alleges that defendants have acted arbitrarily, discriminatorily, and unlawfully in excluding its property from the sewer system citing various reasons for the action by the defendants.

Preliminary objections were filed by defendants, one of which raises the question of the jurisdiction of this court. They ask the court to dismiss the action because of the absence of jurisdiction in that plaintiff has an adequate remedy at law. While the preliminary objections as filed indicate that such a remedy is available either by an application and possible appeal from the decision of the zoning authorities or an action in mandamus, it is the opinion of this court that the question of jurisdiction must be decided on other grounds.

In answer to the argument made by defendants that a demurrer should be sustained, plaintiff argues that its complaint raises the question of the adequacy and reasonableness of service to be provided by the authority as well as the extension of service to be provided and therefore states a cause of action under the provisions of the Municipal Authorities Act of May 2, 1945, P.L. 382 and particularly section 4B(h) of that act, as amended, 53 PS §306B(h). That section provides in part: "Any person questioning the reasonableness or uniformity of any rate fixed by any Authority or the *adequacy, safety* and *reasonableness* of the Authority's services, *including extensions thereof,* may bring suit against the Authority in the

court of common pleas of the county wherein the project is located, . . . The court of common pleas shall have exclusive jurisdiction to determine all such questions involving rates or service." Therefore, while we agree that plaintiff may have a cause of action, the question of jurisdiction must be decided since it does not revolve around the right of plaintiff to the relief sought, but rather on whether the court may hear and dispose of controversies of the general class in which this case belongs: Ambridge v. Water Authority, 30 Beaver 116 (1970).

The issue of whether a court of common pleas has jurisdiction in cases such as the instant case was very thoroughly discussed in Calabrese v. Collier Township Municipal Authority, 430 Pa. 289 (1968). There, as here, plaintiffs filed a complaint in equity seeking, inter alia, an injunction restraining the township and the authority from collecting sewage fees in excess of the rates charged prior to a certain date. There, as here, preliminary objections were filed, including one in the nature of a motion to dismiss the equity action on the grounds that plaintiffs had an adequate remedy at law. By agreement of counsel in that case, the preliminary objections were withdrawn, the matter proceeded to hearing, and the lower court granted relief to plaintiffs. On appeal to the Supreme Court the authority, despite its agreement, questioned the jurisdiction of the court below sitting in equity. Our Supreme Court ruled that the aforementioned section of the Municipality Authorities Act provided an adequate remedy at law and that when the legislature mandated a "court of common pleas" as the exclusive tribunal to determine the reasonableness of rates of an authority it intended thereby to have such determination made by such a court and not a "court of common pleas" sitting in equity. We need not set forth

here the Supreme Court's distinction between a court of common pleas and a court of common pleas exercising equitable powers. However, the Supreme Court held that there was no jurisdiction in a court of common pleas sitting in equity to hear the matter and thus reversed the ruling of the lower court.

While this case does not involve an attack on the rate structure of the authority, it is based on the same section of the Municipality Authorities Act. Neither party to this action raised or argued the general question of jurisdiction. However, jurisdiction may not be conferred either by agreement of the parties or by their failure to raise the precise issue. Here, defendants raised the issue of jurisdiction based on other grounds. Still we are constrained to hold that the forum in which this matter should be litigated is the court of common pleas as distinguished from the court of common pleas exercising equitable powers.

While this court gave serious consideration to certifying this matter to the law side of the court, further deliberation persuades us that the better procedure would be to dismiss the complaint. Plaintiff may wish to pursue its remedy in the proper forum. If so, it may wish to draft a complaint not entirely similar to the one filed in this action.

The court realizes that the distinctions made between a court of common pleas and one exercising equitable powers appear specious. This is especially so in view of the fact that in the second Calabrese case, 432 Pa. 360 (1968), the Supreme Court held that while the action should have been brought at law there was no right to a jury trial. This results in a legal nicety wherein a judge of a court of common pleas may hear and decide the issue while the same judge sitting as a chancellor may not. Still this court must

be bound by the pronouncements of the Supreme Court in this area.

## ORDER

And now, this April 25, 1973, it appearing to the court that it has no jurisdiction in this matter, the preliminary objection raising the question of jurisdiction is hereby sustained without prejudice to plaintiff to seek relief in the Court of Common Pleas of Chester County.