**[J-62-2016]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**CHIEF JUSTICE SAYLOR, JUSTICE WECHT, AND JUDGES COLINS, FRIEDMAN, LEADBETTER, BROBSON, AND STRASSBURGER**

| | | |
|---|---|---|
| JOHN J. DOUGHERTY, | : | No. 6 EAP 2015 |
| | : | |
| Appellant | : | Appeal from the Judgment of the |
| | : | Superior Court entered on 8/14/14 at |
| v. | : | No. 1333 EDA 2012 affirming the order |
| | : | entered on 4/11/12 in the Court of |
| KAREN HELLER, | : | Common Pleas, Civil Division, |
| | : | Philadelphia County at No. 00699 |
| Appellee | : | December Term 2009 |
| | : | |
| | : | ARGUED: May 9, 2016 |

**CONCURRING AND DISSENTING OPINION**

**JUDGE STRASSBURGER**                    **DECIDED: June 14, 2016**

I join in Parts I (Background), II (Temporary Judicial Assignments to the Supreme Court), and IV (Application of the Collateral Order Doctrine) of the Majority Opinion. I would not reach Part III (The Sustainability of the Dismissal Order).

**A. Collateral Order Doctrine**

I have long advocated a strict application of the collateral order doctrine. *See*, *e.g.*, *Strausser Enterprises, Inc. v. Segal & Morel, Inc.*, 89 A.3d 292, 299-300 (Pa. Super. 2014) (citing *Calabrese v. Collier Twp. Mun. Auth.*, 248 A.2d 236, 238 (Pa. 1968) (O'Brien, J., dissenting) ("It is more important to prevent the chaos inherent in bifurcated, trifurcated, and multifurcated appeals than it is to correct each mistake of a trial court the moment it occurs.")); *Commerce Bank/Harrisburg, N.A. v. Kessler*, 46 A.3d 724, 737 (Pa. Super. 2012) ("'The bifurcated appeal foisted upon the courts can only be termed a judicial Hydra. Would that a Hercules could appear ... to slay this

monster.' ***Hession Condemnation Case***, [ ] 242 A.2d 432, 437 ([Pa.] 1968) (O'Brien, J., dissenting).").

Failure to construe the doctrine narrowly results in scenarios like the instant one. We are six and one-half years out from the filing of the complaint, and nowhere near a trial. Assuming mistakes are made by a trial court, not every mistake need be corrected at once by an appellate court. The learned Majority cites to ***Commonwealth v. Williams***, 86 A.3d 771 (Pa. 2014), as a recent undertaking to enforce the high collateral order threshold. Majority Opinion, slip op. at 29 n.9. Let us hope that undertaking is successful because otherwise, justice delayed will be justice denied.

I fully agree with the Majority that the order appealed from does not meet the importance prong of the tripartite collateral order test because it was "of an individualized, fact-intensive nature." ***Id.***, slip op. at 32.

## B. Sustainability of the Dismissal Order

I would not reach the issue of the sustainability of the dismissal order. Two justices purported to dismiss the appeal as improvidently granted. Likewise, two justices purported to grant reconsideration of that dismissal. Whether two justices constitute a quorum or do not constitute a quorum, the same result obtains. If two justices are insufficient to take action, the appeal remains pending. If two justices are sufficient to take action, the appeal is dismissed, but then reinstated on the docket when reconsideration is granted by vote of two justices, and, once again, the appeal remains pending. Thus, there is no need to consider this hypothetical question.

My joinder in Part II of the Majority Opinion evidences my belief that the five intermediate appellate court judges, chosen randomly, are legally permitted to sit on this

2

case.  Yet we, the Fortuitous Five, so sit because it is necessary for the case to be decided.  However, it should not be forgotten that once the clock strikes midnight for us, i.e., once this appeal is decided, we are no longer horses or coachmen, but we return to mice.  For us to decide a hypothetical issue, pure dictum, contrary to the holding of the late Justice (later Chief Justice) Cappy in **In re Larsen**, No. 155 JIRB Dkt. 1992 (Cappy, J. Jan, 22, 1993), is both unnecessary and ill-advised.

The learned Majority correctly points out that quorum issues, although infrequent, tend to arise as a result of recusals.  Thus, the argument goes, judges sitting by temporary assignment may well have to sit to decide the quorum issue.  What this ignores is that the Supreme Court makes the rules, and can decide the quorum issue by a rule considered by all seven (six today) duly elected or appointed judges.

Thus, I respectfully dissent from the Majority's addressing this issue.