J-A04006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS M. MANIDIS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| RENEE K. MANIDIS, | : | |
| | : | |
| Appellee | : | No. 1023 EDA 2019 |

Appeal from the Order Dated February 28, 2019
in the Court of Common Pleas of Chester County
Civil Division at No(s): No. 2018-08943-DI

BEFORE:   PANELLA, P.J., STRASSBURGER, J.[*] and COLINS, J.[*]

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED APRIL 24, 2020**

Given the current state of the law, I am constrained to join the Majority Memorandum.  Were I writing on a clean slate, I would quash this appeal as interlocutory.

The Majority herein determines that Appellant's claim is an appealable final order for our review, citing ***Scoggins v. Scoggins***, 555 A.2d 1314, 1317 n.3 (Pa. Super. 1989), "because it disposes of all economic claims arising under the divorce complaint."  Majority at 4.  Indeed, ***Scoggins*** supports such a proposition.  However, I disagree with the conclusion reached in ***Scoggins*** and its related authority that, in divorce cases, an

_____

[*] Retired Senior Judge assigned to the Superior Court.

order that solely determines that the court lacks personal jurisdiction is a final order.

To date, no final divorce decree has been entered in the instant case. Because the appealed-from February 28, 2019 order does not dispose of all issues, I would find that it is interlocutory and thus not appealable.

As colorfully explained by then-Justice, later Chief Justice, Henry X. O'Brien, "[i]t is more important to prevent the chaos inherent in bifurcated, trifurcated, and multifurcated appeals than it is to correct each mistake of a trial court the moment it occurs." **Calabrese v. Collier Twp. Mun. Auth.**, 248 A.2d 236, 238 (Pa. 1968) (O'Brien, J., dissenting); **see also Hession Condemnation Case**, 242 A.2d 432, 437 (Pa. 1968) (O'Brien, J., dissenting) ("The bifurcated appeal foisted upon the courts can only be termed a judicial Hydra. Would that a Hercules could appear ... to slay this monster."). Accordingly, I would hold that an outstanding issue remains in the present case and quash this appeal as interlocutory.

Yet given the current state of the law, this Court has jurisdiction over the merits of this appeal, and I join the Majority Memorandum.