J-A09040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DANIEL R. LIPINSKI, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| B&G REBAR & WIRE, INC.; NUCOR | : | |
| CORPORATION; NUCOR BAR MILL- | : | |
| DARLINGTON T/D/B/A NUCOR | : | |
| CORPORATION, A WHOLLY OWNED | : | |
| SUBSIDIARY OF NUCOR | : | |
| CORPORATION | : | |
| | : | |
| APPEAL OF: NUCOR CORPORATION | : | No. 1457 WDA 2019 |

Appeal from the Order Dated August 26, 2019
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 14-009079

BEFORE:  SHOGAN, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                     **FILED JULY 28, 2020**

Nucor Corporation (Nucor) appeals the August 26, 2019 order which denied Nucor's motion for summary judgment. Upon review, we quash this appeal.

Due to our disposition, a detailed recitation of the facts and procedural history of this case is unnecessary. Briefly, Daniel R. Lipinski filed suit on May 28, 2014, followed by an amended complaint on August 8, 2014, claiming he suffered injuries on the job while attempting to bend a piece of steel reinforcement bar (rebar) during a construction project. Nucor manufactured the rebar at issue and B&G Rebar & Wire, Inc. (B&G) supplied the rebar for the project. Lipiniski's product liability claims sound in negligence, strict liability, and breach of warranty.

* Retired Senior Judge assigned to the Superior Court.

Nucor filed preliminary objections asserting a lack of personal jurisdiction, which were sustained by the trial court on May 19, 2015, and all counts against Nucor were dismissed for lack of personal jurisdiction.[1] In September 2016, B&G filed a second amended cross-claim against Nucor, which incorporated Lipinski's claims against Nucor set forth in his amended complaint and sought contribution and/or indemnification from Nucor if it were found to be liable to Lipinski. In response, Nucor filed an answer, new matter, and cross-claim on December 9, 2016.

On May 3, 2019, Nucor filed a motion for summary judgment, seeking dismissal of the cross-claim against it and claiming that because B&G's expert opined the rebar was not defective, B&G could not meet its burden of proof for its cross-claim against Nucor. B&G did not oppose the motion for summary judgment, but Lipinski filed a brief in opposition, arguing that there was a genuine issue of material fact under the malfunction theory[2] as to whether the rebar was defective. After argument, the trial court denied the motion for summary judgment on August 26, 2019. On September 18, 2019, Nucor filed

---

[1] All claims against Nucor Bar Mill-Darlington t/d/b/a Nucor Corporation (Nucor Bar Mill-Darlington) were dismissed without prejudice on May 19, 2015. Nucor Bar Mill-Darlington is not involved in this appeal.

[2] Our Supreme Court has explained that the malfunction theory "permits a plaintiff to prove a defect in a product with evidence of the occurrence of a malfunction and with evidence eliminating abnormal use or reasonable, secondary causes for the malfunction." *Rogers v. Johnson & Johnson Products, Inc.*, 565 A.2d 751, 754 (Pa. 1989) (citations omitted).

a motion for reconsideration, or in the alternative, permission to appeal the August 26, 2019 order as interlocutory pursuant to 42 Pa.C.S. § 702(b). The trial court denied the motion that same date.

This appeal followed.[3] On October 16, 2019, this Court issued an order directing Appellant to show cause as to why the appeal should not be quashed. Order, 10/16/2019. Citing Pa.R.A.P. 341 and interpretive case law, we noted that the appeal was filed from an order denying summary judgment and is therefore interlocutory. **Id.** In its October 30, 2019 letter brief response, Nucor argued that the court's August 26, 2019 order was immediately appealable as a collateral order pursuant to Pa.R.A.P. 313. It requested this Court not quash the appeal or alternatively, defer determination to the merits panel. **Id.** By order entered November 1, 2019, this Court discharged our show-cause order and deferred the issue of appealability to this panel for consideration. Order, 11/1/2019.

Nucor presents the following question for our review.

Whether the order erroneously denied Nucor's motion requesting summary judgment on the cross-claim against it for contribution/indemnification in this products liability case, where the steel reinforcement bar involved in the accident was available for expert metallurgical examination and testing which found it not to be defective, but [Lipinski] -- whose direct claims against Nucor previously had been dismissed -- alone (and despite cross-claimant's non-opposition) contested the motion and did so on the basis of the circumstantial evidence-based "malfunction theory," which is inapplicable under the circumstances as a matter of Pennsylvania law. **Barnish v. KWI Bldg. Co.**, 980 A.2d 535 (Pa.

_____

[3] Both Nucor and the trial court complied with Pa.R.A.P. 1925.

- 3 -

2008) (malfunction theory available only where the allegedly defective product has been destroyed or is otherwise unavailable).

Nucor's Brief at 4 (unnecessary capitalization removed).

We must first determine whether the order from which Nucor appeals is appealable, because appealability implicates our jurisdiction. ***In the Interest of J.M.***, 219 A.3d 645, 650 (Pa. Super. 2019). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary." ***Id.*** (citation and internal quotation marks omitted). To be appealable, the order must be: (1) a final order, Pa.R.A.P. 341-42; (2) an interlocutory order appealable by right or permission, 42 Pa.C.S. § 702(a)-(b); Pa.R.A.P. 311-12; or (3) a collateral order, Pa.R.A.P. 313.

Generally, a final order is any order that disposes of all claims and all parties. Pa.R.A.P. 341(b). The August 26, 2019 order does not qualify as a final order under Pa.R.A.P. 341 because "an order denying a motion for summary judgment does not terminate the litigation, and thus is not an appealable order." ***Melvin v. Doe***, 836 A.2d 42, 44 n.4 (Pa. 2003), *citing* ***Pennsylvania Turnpike Commission v. Atlantic Richfield Co.***, 394 A.2d 491 (Pa. 1978) *and* Pa.R.A.P. 341. Nucor does not dispute that the order is not final or that it is not an order appealable as of right by law. Instead, Nucor maintains that the order is a collateral order pursuant to Rule 313. Nucor's Brief at 1; Nucor's Reply Brief at 1-10.

We have explained the collateral order doctrine as follows.

The "collateral order doctrine" exists as an exception to the finality rule and permits immediate appeal as of right from an otherwise interlocutory order where an appellant demonstrates that the order appealed from meets the following elements: (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *See* Pa.R.A.P. 313.

Our Supreme Court has directed that Rule 313 be interpreted narrowly so as not to swallow the general rule that only final orders are appealable as of right. To invoke the collateral order doctrine, each of the three prongs identified in the rule's definition must be clearly satisfied.

*Interest of J.M.*, 219 A.3d at 655, *quoting* *In re W.H.*, 25 A.3d 330, 335

(Pa. Super. 2011) (some citations omitted).

Our Supreme Court has explained the following.

"We construe the collateral order doctrine narrowly so as to avoid 'undue corrosion of the final order rule,' … and to prevent delay resulting from 'piecemeal review of trial court decisions.'" *K.C. v. L.A.*, [] 128 A.3d 774, 778 ([Pa.] 2015) (quoting *Pridgen v. Parker Hannifin Corp.*, [] 905 A.2d 422, 427 ([Pa.] 2006)). As colorfully explained by then-Justice, later Chief Justice, Henry X. O'Brien, "[i]t is more important to prevent the chaos inherent in bifurcated, trifurcated, and multifurcated appeals than it is to correct each mistake of a trial court the moment it occurs." *Calabrese v. Collier Township Municipal Authority*, [] 248 A.2d 236, 238 ([Pa.] 1968) (O'Brien, J., dissenting). Moreover, as parties may seek allowance of appeal from an interlocutory order by permission, we have concluded that that discretionary process would be undermined by an overly permissive interpretation of Rule 313. *Geniviva* [*v. Frisk*], 725 A.2d [1209,] 1214 n.5 [(Pa. 1999)].

- 5 -

> ***Shearer*** [***v. Hafer***, 177 A.3d 850, 858 (Pa. 2018)]. ***See also Hession Condemnation Case***, [] 242 A.2d 432, 437 ([Pa.] 1968) (O'Brien, J., dissenting) (commenting regarding statute permitting immediate appeal of interlocutory order: "The bifurcated appeal foisted upon the courts can only be termed a judicial Hydra. Would that a Hercules could appear ... to slay this monster.").

***Interest of J.M.***, 219 A.3d at 655.

> Regarding the first prong, an order is separable from the main cause of action if it is entirely distinct from the underlying issue in the case and if it can be resolved without an analysis of the merits of the underlying dispute.[10] Although appellate courts tolerate a degree of interrelatedness between merits issues and the question sought to be raised in the interlocutory appeal, the claim must nevertheless be conceptually distinct from the merits of plaintiff's claim.
>
> _____
> [10] Two classic examples of separable issues include standing and discovery. ***See***, ***e.g.***, ***K.C.***[, 128 A.3d at 778] ("As the issue of whether [the a]ppellants are among the individuals who have standing to seek custody ... is a conceptually distinct legal question which has no bearing on the central issue within the custody action - who is entitled to physical and legal custody of [the c]hild in light of her best interests - we find that the [a]ppellants have established that the trial court's order is separable from the main cause of action."); ***Shearer***, 177 A.3d at 858 ("The discovery-based issue of whether a plaintiff in a civil personal injury action has the right to counsel or other representative during a neuropsychological examination is a distinct legal question which has no bearing on the underlying issues in this negligence action.").

***Id.*** at 655-56 (some quotation marks, citations, and original brackets omitted).

In the statement of jurisdiction section of its brief, Nucor sets forth the three-prong test of Rule 313 and refers us to its October 30, 2019 letter brief in response to our rule to show cause. ***See*** Nucor's Brief at 1. In this response,

Nucor argued that the instant appeal is separate from the main cause of action because it is "limited to a focused legal challenge[,] based on uncontested facts, that necessarily disposes of any need to assess or consider merits issues." Response to Rule to Show Cause, 10/30/2019, at 4. Specifically, Nucor contended that because Lipinski's claims against Nucor had been dismissed, and Lipinski did not conduct his own metallurgical testing of the rebar or contest B&G's expert, the malfunction theory was inapplicable as a matter of law where, as here, the product was available. *Id.* at 2-6. As to the second and third prongs, Nucor claimed that public policy considerations of controlling costs in products liability litigation and the lost cost it would incur in defending itself at an unnecessary trial warranted immediate review of the denial of its motion for summary judgment. *Id.* at 6-7.

Nucor further argues in its reply brief that its motion for summary judgment was "completely separable from the merits and did not require for its granting any consideration of the merits or of any proffered facts in support of the [c]ross-[c]laim (*i.e.*, none were offered by [] B&G)" because B&G did not oppose Nucor's motion. Nucor's Reply Brief at 5.

For his part, Lipinski argues that this Court is without jurisdiction over this appeal. He first points out that the trial court refused to certify the appeal as immediately appealable, and then argues Nucor has not met the first prong of the collateral order test. Lipinski's Brief at 14-18. Lipinski maintains that the appeal cannot be separated from the main cause of action because the

"central issue in this case, the alleged defective rebar, is precisely what is at issue" where Nucor's "primary contention on appeal is that the rebar is not defective, while [Lipinski] continues to maintain that the rebar is defective." *Id.* at 16-17.

Nucor responds by assailing Lipinski's characterization of the central issue in its motion for summary judgment as whether the rebar is defective, and instead claims that its motion involves

> the very different threshold inquiry of whether the [r]ebar was available for examination and testing (which it indisputably was), rendering the circumstantial evidence-based malfunction theory inapplicable as a matter of law. The results of the examination or testing (*e.g.*, whether they are available and/or support the presence of a defect or not) need not be considered or evaluated as part of that dispositive threshold determination. Thus, the merits [of] whether the [r]ebar is or is not defective simply [are] not implicated or involved in the separability analysis in the circumstances of this case.

Nucor's Reply Brief at 7. Nucor contends that the "focused limited legal issue" raised on appeal, *i.e.*, whether the malfunction theory is inapplicable as a matter of law, "eliminates any need to assess any merits, *i.e.*, the cause of [Lipinski's] alleged accident and whether or not the [r]ebar was defective." *Id.* at 7-9, citing **Pridgen**, 905 A.2d 422, *and* **Barnish**, 980 A.2d at 539-40.

The trial court agreed with our Rule to Show Cause Order that the appeal is interlocutory, stating as follows.

> The denial of summary judgment[,] as [Nucor] admits[] in his appeal, is not immediately appealable. The issue remains for the jury to decide whether[,] as both parties acknowledge, Nucor's rebar was defective. Therefore, Nucor's appeal is premature and

improper and should be quashed, as the Superior Court originally communicated to Nucor.

Trial Court Memorandum in Lieu of Opinion, 12/5/2019, at 3.

Nucor and Lipinski focus their arguments on the first prong of the collateral order test. The trial court's denial of Nucor's motion for summary judgment is not clearly separable and collateral from the main action as it had the potential to decide one or more issues in the case. *See Melvin*, 836 A.2d at 44. Nucor's argument, that the malfunction theory does not apply as a matter of law, is not entirely distinct from the underlying issue in the case, *i.e.*, whether the rebar was defective. *See Interest of J.M.*, 219 A.3d at 655. Although, as Nucor argues, a degree of interrelatedness between merits issues and the question sought to be raised in the interlocutory appeal is tolerable, the claim must nevertheless be conceptually distinct from the merits of Lipiniski's claim. *See id.* Unlike the classic examples of standing and discovery, we cannot say that is the case here.

Further, it is clear that Nucor has not satisfied the latter two prongs either: importance of the right and irreparable loss. Pa.R.A.P. 313(b) (providing that "the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost"). We do not see any compelling public policy concerns that are too important to be denied review at this stage of the proceedings. "For purposes of defining an order as a collateral order under Rule 313, it is not sufficient that the issue be important to the particular

parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." ***Geniviva***, 725 A.2d at 1213-14. Nor do we find that going to trial constitutes the type of irreparable loss contemplated by the third prong. To find otherwise would be an archetypal case of the exception swallowing the rule. ***See Interest of J.M.***, 219 A.3d at 655; ***Rae v. Pennsylvania Funeral Directors Ass'n***, 977 A.2d 1121, 1126 (Pa. 2009) (stating "our precedent strongly cautions against permitting the collateral order doctrine to become an exception which swallows, in whole or in any substantial part, the final order rule"). It is clear that the claims made by Nucor are not irreparably lost as there is a means by which to later argue Lipinski is not entitled to relief. As our Supreme Court noted, "[a]ny efficiencies gained in reduced trial litigation would be at the expense of increased appellate litigation." ***Geniviva***, 725 A.2d at 1214.

Thus, having concluded that we have no jurisdiction to review the trial court's August 26, 2019 order, the appeal is quashed.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/28/2020